PENNINGTON v. ATLANTA &c. RAILWAY COMPANY.

1. NEGLIGENCE—FAILURE OF PROOF—NON-SUIT.—In an action against defendant company for injuries done to plaintiff's property by a moving train of defendant, it was admitted that defendant was a corporation, but it was not admitted or shown that defendant was a common carrier or that it was operating railroad trains, or that the alleged negligent act was the act of defendant or of any of its agents, servants, or lessees. *Held*, that a non-suit was properly granted.[1]

Before WITHERSPOON, J., Spartanburg, February, 1891.

This was an action by B. O. Pennington against the Atlanta & Charlotte Airline Railway Company, commenced August 23, 1889. The complaint was as follows:

Plaintiff alleges:

1. That at the time hereinafter mentioned, the Atlanta and Charlotte Airline Railway Company was a corporation, duly chartered under the laws of the State of South Carolina, and was the owner of a certain railroad known as the Atlanta and Charlotte Airline Railway, together with the track, cars, locomotives, rights of way, and other appurtenances thereto belonging, and

---

[1] If the pleadings and proof in this case had shown that the Richmond & Danville Railroad Company were operating the Atlanta & Charlotte Airline Railway (defendant's road), under a lease from defendant, then doubtless the non-suit would have been refused under the authority of *National Bank* v. *Railway Company* (25 S. C., 221), and *Harmon* v. *Columbia & Greenville Railroad Company* (28 S. C., 404–6). In both of those cases it appeared that the defendants had leased their road to the Richmond & Danville Company, and this court held that such lease did not "exempt them from responsibilty in the absence of any provision granting such exemption." In the principal case, however, there is no allegation in the pleadings and no testimony was offered tending to show that the defendant had leased its road to the Richmond & Danville R. R. Company, or had "bargained with another company to run it for a compensation." There appeared simply the bald facts that the defendant was a railroad corporation, that the injury was done at the depot of this railroad by the train of another railroad corporation, and that defendant's road was at the time in the possession of such other corporation, which was then operating it; but whether under lease, purchase, or some other right did not appear.—RE-PORTER.

was a common carrier of passengers and goods between Atlanta, Georgia, and Charlotte, North Carolina, and all points on said railroad between those cities, and that said railroad ran through Spartanburg County, in the State of South Carolina.

2. That on the 4th day of May, 1889, while plaintiff was driving his team along Magnolia street, in the city of Spartanburg, and was approaching the track of the defendant company, which said track crosses Magnolia street at a point near the depot of said company, the defendant, through its servants, agents, and employees, with great carelessness, recklessness, and negligence, and without any warning or signal whatsoever, rushed one of its freight cars backwards with great force and rapidity upon and across said street.

3. That the plaintiff, with his team, was upon or near the track when he observed the rapid approach of the freight car, and to prevent a collision and immediate death to himself and certain destruction to his property, he was compelled to check his team with great force and promptness, and in so doing, and without any fault on his part, one of his horses, of the value of one hundred dollars, was thrown to the ground and permanently injured in her spine and otherwise. That said horse, by reason of the injuries aforesaid, was altogether incapacitated for work and utterly worthless to the plaintiff.

4. That by reason of said negligent acts of the defendant aforesaid, this plaintiff has been deprived of the services of his horse at a season of the year when such services were most valuable to him, besides being to much trouble and expense in feeding and attending to the helpless animal. And plaintiff alleges and so believes that the said horse is not now and never will be of any value, and that by reason of said injuries, caused solely by the negligence of the defendant, plaintiff has been damaged two hundred dollars.

Wherefore plaintiff demands judgment against the defendant for the sum of two hundred dollars and costs.

The answer was as follows:

The defendant corporation, answering the complaint herein, says:

1. It admits that it was a corporation duly chartered under laws of the State of South Carolina, but denies that it was at the time mentioned in said complaint a common carrier of goods and passengers, or that it was operating or controlling any railroad, cars, locomotives, or trains in the State of South Carolina.

2. That it has not knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 2 of complaint, and therefore demands strict proof of the same, and so much of said paragraph as alleges carelessness, recklessness, and negligence of servants, agents, and employees of defendant, this defendant denies.

3. This defendant has no knowledge or information sufficient to form a belief as to the truth of allegations contained in paragraph 3 of complaint, and demands strict proof of same.

4. Defendant denies the allegations of paragraph 4 of the complaint.

Wherefore defendant demands judgment that the complaint herein be dismissed and for cost.

All the testimony offered by plaintiff to connect defendant with the injury complained of and testified to was as follows :

*The plaintiff* testified that the injury was done at the track of the Atlanta & Charlotte Airline Railroad, and by a train on that track ; that he had often seen Richmond & Danville cars on that track.   *W. P. Irwin* testified that he was agent at the Atlanta & Charlotte Airline Railroad ; agent at that depot of the Richmond & Danville Railroad Company, by which company he was employed and paid ; that all his papers, letter-heads, claims, sale of tickets, and pay rolls showed that the R. & D. operated the road ; and that he, as agent of the R. & D. road, receipted for all freight delivered at the depot.

On defendant's motion for a non suit, the court said :

The allegation first is, that the defendant railroad company was careless, and that this plaintiff suffered from the carelessness of the defendant railroad company.   Then he goes on to state that in consequence of the carelessness of the railroad company, he was compelled to do so and so.   The only point upon which I hesitate at all in this matter is on this question of pleading—

whether the plaintiff has shown or not that at the time of the alleged injury that he received, this railroad was operated by the Atlanta and Charlotte Airline Railroad and its employees; whether he suffered from the negligence of the employees of the Charlotte and Atlanta Airline Railroad. That is the allegation, and that is the only point upon which I have doubt.

Mr. Calvert (plaintiff's counsel): It seems to me that that is a matter of fact for the jury—whether the jury believe that this injury occurred by the negligent act of the defendant corporation, its servants, or employees, or lessees, for whom the Atlanta and Charlotte Airline Railroad Company is responsible.

The Court: I will have to grant the non-suit upon the question of pleadings; you have not alleged that it was done by the cars operated by the Richmond and Danville Railroad Company.

Thereupon a formal order was entered granting the non-suit and dismissing the complaint, on the ground that there was "no proof sufficient upon which to send the case to the jury." Plaintiff appealed.

*Mr. R. K. Carson*, for appellant.

*Messrs. Duncan & Sanders*, contra.

March 11, 1892. The opinion of the court was delivered by

MR. JUSTICE McGOWAN. This was an action against the defendant company for injury to plaintiff's horse. The plaintiff states the facts as follows: He was driving his two-horse team towards the crossing on Magnolia street in Spartanburg. He saw a train approaching and stopped his team until the cars passed in front of him, and he waited until the train was out of sight. There was no flagman at the crossing, and he started to cross the track, but the train ran back, and in the effort to get the team off the track, he very suddenly checked the horses. They reared and were greatly frightened. He worked on until he took out his horses to feed, when he discovered that something was the matter with one of them. He kept the horse about three weeks, endeavoring to cure him, when he finally sold him for five dollars. The defendant corporation answered, admitting that it

was a corporation under the laws of the State, but denying that at the time mentioned in the complaint it was a common carrier of goods and passengers, or that it was operating or controlling any railway, cars, locomotives, or trains in the State; that it has no knowledge or information sufficient to form a belief as to the truth of the allegations contained in the paragraphs 2 and 3 of the complaint; but denied positively the allegation of paragraph 4 of the complaint.

Upon the close of the testimony, the defendant's attorney moved for a non-suit, which was granted upon the ground that there was no proof that, at the time of the alleged injury, the railroad was operated by the company which was sued, the Atlanta and Charlotte Airline Railway Company, but by another company, viz., the Richmond and Danville Railroad Company.

The plaintiff appealed upon the following grounds:

\*          \*          \*          \*          \*          \*          \*

VII. In not holding that there was evidence enough to go to the jury, tending to show that the injury complained of was caused by the negligence of the defendant company, their agents, servants, employees, and lessees, &c.

From the view the court takes, it will not be necessary to consider any of the grounds of appeal except the last. The plaintiff sued the Atlanta and Charlotte Airline Railway Company for an injury alleged to have been done to one of his horses at a crossing in Spartanburg, by the defendant, through its servants, agents, and employees, rushing one of its freight cars backwards with great force and rapidity across the street, &c. The defendant company answered, denying the allegation and also denying that, at the time indicated, it was a common carrier for goods and passengers, or that it was operating or controlling any railroad, cars, locomotives, or trains in the State. The plaintiff offered evidence tending to show that the defendant corporation built and owned the railroad; but it was not shown that, at the time of the alleged injury, the defendant corporation was operating, or that the injury complained of, was, as alleged, "*caused by the negligence of the defendant.*" Considering the allegations of the complaint and the proof made, we cannot say that the judge erred in granting the non-suit.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.