WILSON v. THE COMMERCIAL UNION ASSURANCE CO.

1. PLEADING—INSURANCE.—An allegation in a complaint (to which the policy is attached) that the plaintiff has complied with all the requirements of the policy, sufficiently alleges that he has served his proofs of loss within the time required by the policy.

2. AGENCY—PRESUMPTIONS.—When one authorizes another to act as his agent, the party with whom he acts may presume that such agency continues until he is notified that it has been ended.

3. IBID.—INSURANCE.—The writing in a policy acknowledging one as the agent of an insurance company, and his testimony that he had a commission from the company, are sufficient to establish his appointment in writing as its agent.

4. INSURANCE—PROOFS OF LOSS—WAIVER.—When an insurance company denies its liability under its policy, it waives its rights to proofs of loss, as required by the policy.

5. INSURANCE—WAIVER—CONTRACT—FORFEITURE.—When an agent of an insurance company informs insured that the policy would not be cancelled for vacancy, without notice to him, which under the terms of the policy forfeited it, in the absence of notice of cancellation, it is proper to hold that the parties have agreed that the contract should be changed in that particular, although the policy provides that no condition shall be waived except in writing attached to the policy. MR. CHIEF JUSTICE McIVER *dissents.*

6. CHARGE in regard to *material* and *immaterial* stipulations in policy was not prejudicial to defendant.

7. NEW TRIAL.—The findings of a Circuit Judge, on a motion for a new trial, as to the force and effect of testimony, are final.

Before Benet, J., Florence, September, 1896.   Affirmed.

Action by Thomas Wilson against The Commercial Union Assurance Company, Limited, of London, England.   Judgment for plaintiff.   Defendant appeals.

*Messrs. Abney & Thomas,* for appellant, cite: *Admissibility of declarations of alleged agent:* 27 S. C., 132; 37 S. C., 56; 17 S. C., 514; 46 Ill., 242; 121 Mass., 439; 76 Ia., 609; 144 Mass., 46; 63 N. Y., 534; 74 Fed., 507.   *Transactions between insured and alleged agent after fire:* 25 Ins. L. J., 361; 19 Or., 267; 37 S. C., 132; 25 Ins. L. J., 395; 24 Ib., 479, 379; 141 N. Y., 219; 133 N. Y., 356.   *Charge as to change in contract:* 23 Ins. L. J., 378.   *Proofs of loss must be served when required by policy:* 23 Ins. L. J., 811; 112 Mass., 49; 50 Conn., 55; 2 Pet., 25; 10 Pet., 507.

*Messrs. Wilson & Wilson* and *Wilcox & Wilcox,* contra, cite: *Agency once established presumed to continue*: 96 U S., 84; 31 S. W. R., 265: *Not incumbent on insured to prove affirmatively that agent had certain powers:* 37 S. C., 56; 96 U. S., 234.   *Agent can waive forfeiture:* 28 Am. St. R., 554; 17 Ib., 233.   *Company cannot limit, by stipulations in policy, its capacity to make verbal changes in contract:* 39 Minn., 129; 43 Cen. L. J., 135; 69 Fed. Rep., 71.   *Notice of loss to agent is sufficient:* 27 Am. Rep., 761; 2 T. & C., 375; 73 Pa., 342; 65 Cal., 386; 33 Fed., 544; 43 Neb., 473; 33 S. C., 231; 37 S. C., 88.   *Agent may receive or waive proofs of loss:* 10 Hem., 397; 90 Ill., 550; 108 Ind., 518.   *Denial of liability is waiver of proofs of loss:* 29 S. C., 560; 36 S. C., 265; 37 S. C., 444.   *Insured submitted proofs of loss, cannot invoke above waiver:* 29 S. C., 560; 67 N. W. R., 327.   *Allegations of compliance with all conditions sufficient to support proof of waiver, and service of proofs of loss:* 28 S. C., 431; 43 S. C., 26; 119 Ind., 155.

March 18, 1898. The opinion of the Court was delivered by Mr. Justice Pope.   The plaintiff sued the defendant to

recover the sum of $1,000, and interest after 21st of July, 1894, by reason of the destruction by fire of a dwelling house and the fencing surrounding it, in the town of Florence, in this State, which had been insured by defendant's policy No. 100,055. There were no questions as to the terms of the policy; it was produced at the trial, and the premium had been paid. The only questions were as to a compliance by the plaintiff with the conditions of the policy relating to the dwelling house being unoccupied beyond ten days, and as to proofs of loss being rendered as in the policy required. The trial was had before Judge Benet and a jury. The verdict was in favor of the plaintiff. A motion for a new trial was made and refused, whereupon the defendant appeals, after entry of judgment on the verdict.

It should have been stated that, after the plaintiff had closed his testimony, a demurrer was interposed in this language: "It appears from the face of the complaint that the loss occurred on the 21st of July, 1894. It is alleged that the proofs of loss were served more than sixty days previous to the commencement of this action, and it does not allege that they were within the time designated by the terms of the policy. The policy is made a part of the complaint. It consequently does not appear that the condition precedent to bring this action, to wit: service of proofs of loss within the period the policy designates, has been complied with; the action must, therefore, fail, for the complaint in this respect is deficient." The Circuit Judge promptly overruled this demurrer (?). We will first pass upon this demurrer. It is true, that a demurrer that the complaint fails to state facts sufficient to constitute a cause of action may be taken at any time in the Circuit Court; but it seems to us that a reliance upon the testimony offered at the trial to make out an alleged failure in the facts stated in the complaint is highly objectionable in passing upon the validity of the complaint, because in this way the Circuit Judge is called upon to pass upon the sufficiency of testimony. But, apart from this

defect in the defendant's motion for his demurrer, we think the complaint in its allegations was not defective. It ought always to be borne in mind, as was said by Chief Justice Wait, in the case of *McAllister* v. *Kuhn*, 96 U. S., 89: "For the purposes of pleading, the ultimate fact to be proven need only be stated. The circumstances which tend to prove the ultimate fact can be used for the purposes of evidence, but they have no place in the pleadings." In the case at bar, the plaintiff alleged a compliance by himself with the conditions of the policy, and the policy itself was pleaded as a part of the complaint. One of the conditions of the policy was that the plaintiff would notify the company and make proofs of loss within sixty days after the fire that injured or destroyed the property insured; but it has been repeatedly held in this State that any disavowal by the insurance company of its liability to the insured avoids the necessity of the proofs of loss to the insurance company. *Dial* v. *Life Association*, 29 S. C., 560; *Pelzer* v. *Sun Fire Office*, 36 S. C., 265; *Stepp* v. *Ins. Association*, 37 S. C., 444. It would be of no consequence, after the insurance company had, by its conduct to the assured, waived this condition, that the insured afterwards sent to the insurance company proofs of loss. At most, it was but an evidence of good faith on the part of the insured. We agree with the Circuit Judge that this demurrer should have been overruled.

The next exceptions for our consideration are those which relate to the competency of testimony directed to the matter of the agency of Jerome P. Chase & Sons of the defendant after December the 8th, 1893. The policy was issued by the defendant to the plaintiff through Jerome P. Chase & Sons, at Florence, S. C., in May, 1893, covering a period of three years after the date of its delivery. The defendant admits these facts, but contends that such agency of Jerome P. Chase & Sons was terminated on the 8th day of December, 1893; but it is nowhere contended that either the public generally had any notice of the ter-

mination of such agency, or that the plaintiff or his agent
had any such notice. So, therefore, when John Wilson,
who was agent of the plaintiff at Florence, S. C., sought to
testify that he had no such notice until after 21st August,
1894; not only so, but that when he applied to Lawson
Chase, who was a member of the firm of Jerome P. Chase &
Sons, for permission to leave the house vacant from about
the 28th May, 1894, the said Lawson Chase said, "We (mean-
ing the firm of Chase & Sons) will not cancel this policy
without giving you notice," and that no such notice was
given; and that Seaborn Chase, who was also a member of
the firm of Chase & Sons, when the witness, John Wilson,
as the agent of the plaintiff, notified him of the loss by fire
of the building and fencing insured, did not disclose to the
said John Wilson that the agency of Chase & Sons for the
defendant had ceased; and that the said Seaborn Chase,
when he reported to John Wilson, as agent for the plaintiff,
that the defendant would not pay the loss, did not notify
him that the agency of Chase & Sons for the defendant had
ceased; the defendant objected to such testimony being
admitted, but the Circuit Judge overruled such objection.
The Court decides upon the competency of testimony, but
the jury alone must pass upon its sufficiency. When the
plaintiff proved, and the defendant admitted, that Jerome
P. Chase & Sons were the agents of the defendant, and as
such dealt with the plaintiff in relation to the issuing of
the policy, there was clearly established an agency by said
firm with the defendant. Now, when did that agency cease,
so far as the plaintiff was concerned? Was it in the power
of the defendant to quietly and secretly withdraw its agency
from Chase & Sons, so as to prejudice the rights of third
parties to whom this revocation of agency was utterly un-
known, and especially when members of this firm of Chase
& Sons still acted to the agent of plaintiff as if they were
still clothed with this agency? We do not think so. As
was well said by the United States Supreme Court, in *In-
surance Co.* v. *McCain*, 96 U. S., at page 86: "No company

can be allowed to hold out another as its agent, and then disavow responsibility for his acts. After it has appointed an agent in a particular business, parties dealing with him in that business have a right to rely upon a continuance of his authority, until in some way informed of its revocation. The authorities to this effect are numerous, and will be found cited in the treatises of Paley and Story on Agency. The law is equally plain that especial instruction limiting the authority of a general agent, whose powers would be otherwise coextensive with the business intrusted to him, must be communicated to the party with whom he deals, or the principal will be bound to the same extent as though such special instructions were not given. Were the law otherwise, the door would be open to the commission of gross frauds. Good faith requires that the principal should be held by the acts of one whom he has publicly clothed with apparent authority to bind him. Story Agency, sections 126, 127, and cases there cited." In the case at bar, there was no proof that Chase & Sons were not the general agents of the defendant. Such firm was commissioned by the defendant; such firm issued the policy as agents of the defendant. By the testimony, such firm gave assurances to the plaintiff's agent, which presupposed the continuance of such agency, and never denied agency until the 21st August, 1894—about one month after the property had been destroyed by fire, and after such firm had received notice of the fire and had communicated to the plaintiff's agent that the defendant refused to pay the loss. Certainly one of the parties must suffer by the injury done by these agents, Chase & Sons. Should not this loss be borne by the party who made Chase & Sons its agent? It seems so to us. Hence we agree that the Circuit Judge committed no error in ruling that the testimony in question was competent.

The next exceptions relate to that part of the Circuit Judge's charge in which he submitted the question of the existence of the agency of Chase & Sons for the defendant to the jury. Virtually he told the jury, that if they found

35—51

as a fact that Chase & Sons were the agents of the defendant, such defendant would be bound by the acts and declarations of the agents within the scope of their authority. For the reasons assigned, and the authorities cited in the consideration of the matter just preceding these exceptions, we think the Circuit Judge committed no error here.

The next exceptions relate to a question which has evoked most anxious consideration, it is this: where the parties to a contract have inserted in the paper evidencing such contract stipulations that "no officer, agent or other representative of this company shall have power to waive any provision or condition of this policy, except such as by the terms of this policy may be subjects of agreement indorsed hereon or added hereto; and as to such provisions and conditions no officer, agent or representative shall have such power, or to be deemed or held to have waived such provisions or conditions, unless such waiver, if any, shall be written upon or attached hereto; nor shall any privilege or permission affecting the insurance under this policy exist or be claimed by the insured, unless so written or attached." Can it be held that a waiver of such stipulations or conditions could not be made by Chase & Sons as agents of the defendant without the same was in writing? The two stipulations referred to were that: "If fire occur, the insured shall give immediate notice of any loss thereby in writing to this company * * * and within sixty days after the fire, unless such time is extended in writing by this company, &c.;" and, also, "This entire policy, unless otherwise provided by agreement indorsed hereon or added hereto, shall be void * * * if a building herein described, whether intended for occupancy by owner or tenant, be or become vacant or unoccupied, and so remain for ten days." Another provision of this policy is as follows: "In any matter relating to this insurance, no person, unless duly authorized in writing, shall be deemed the agent of this company." Thus, by the last quotation from the policy, it is manifest that it is a part of the contract of insurance between the plaintiff and de-

fendant that no person shall act as agent in any matter relating to the insurance unless such appointment is evidenced by writing. Were Jerome P. Chase & Sons agents of the defendant under appointment in writing? The answer to this question is two-fold. In the first place, at two places in the contract, which is in writing, this firm is recognized as agents of the defendant. In the second place, Mr. Seaborn Chase, a witness for the defendant, in his testimony, states that his firm bore a commission from the defendant. A commission is described as "the instrument or certificate of an officer's appointment." We must hold, therefore, that Jerome P. Chase & Sons were the duly appointed agents of the defendant insurance company. We are now prepared to consider the stipulations in question. As to the notice and proofs of loss by fire, we may remark that in the contract itself a distinction is preserved between this stipulation and that pertaining to the failure to occupy the insured building for ten days; for, in the former, it is only a stipulation without any penalty, while in the latter, it renders the policy void. We have, in a measure, already disposed of the first stipulation; it cannot be sustained in view of the testimony in the cause, for the insured did give notice to the defendant's agent immediately after the fire, and soon thereafter such agent informed the insured that his principal denied all liability under the policy. By this last course the defendant was not entitled to the proofs of loss within sixty days after the fire.

Now, as to the failure to occupy the dwelling house insured for the period of ten days. As before remarked, the contract provides that in this event the policy shall be void. This is a forfeiture. No Court will allow a forfeiture, if it can be avoided in justice. As was remarked by Mr. Justice Bradley, in *Insurance Co.* v. *Norton*, 96 U. S., 242: "Forfeitures are not favored in the law. They are often the means of great oppression and injustice. And when adequate compensation can be made, the law in many cases, and equity in all cases, discharges the forfeiture

upon such compensation being made." Great stress is laid upon the fact that this stipulation is in the contract, and that, by the terms of the contract, it was declared that no officer, agent or other representative shall have the power to waive this condition, unless the same shall be indorsed in writing upon the policy, or in a paper adhering to the policy. Grant that this is true, yet, after all, this policy is but a contract. Parties to a contract may change its terms. When it is remembered that the acts of an agent are the acts of his principal in all matters within the scope of the agency; that Jerome P. Chase & Sons were held out as the agents of the defendant in the policy itself, and, also, in the commission issued to such firm by the defendant; and that, by the testimony, the agents of the defendant assured the plaintiff that the policy of insurance would not be cancelled without giving the insured due notice thereof, and that no such notice was ever given, does it not seem, under all these circumstances, that the plaintiff is now entitled to have this Court say that the parties to the original contract have agreed that the terms of the original contract of insurance, in this particular, have been changed? The earlier decisions were much stricter than the more recent. It ought to have been mentioned that, although the plaintiff paid in cash the premium of insurance covering three years from 31st May, 1893, and that, although not quite fourteen months covered thereby had expired, when the fire destroyed the property insured, and, although the defendant denies all liability under its policy, it has never offered to pay back to the plaintiff that part of the premium it confessedly has not earned. We will not pursue the authorities bearing upon this point. Some of them are *Ins. Co.* v. *Norton, supra; Berry* v. *Ins. Co.*, 28 American St. Reports, 554; *Farnum* v. *Phœnix Ins. Co.*, 17 American St. Rep., 233.

The defendant-appellant also insists in his exceptions that he was prejudiced by some observations of the Circuit Judge, in his charge to the jury, to the effect that an insured was not bound by all the many stipulations of the contract of insur-

ance where the same were immaterial, without explaining to the jury what were material stipulations. When the charge is scrutinized, it is manifest that the Circuit Judge met fairly and squarely those stipulations and conditions in the policy that made up the issues in this case. Beyond this the Circuit Judge ought not to have gone, and as to those *immaterial* stipulations and conditions in the policy, they occupied no place in this contention; and, therefore, if the Circuit Judge erred, it was in matters which did not prejudice the defendant. It follows, therefore, that the exceptions must be overruled.

So far as the exceptions relating to a new trial are concerned, they cannot be sustained; for, when they relate to the force and effect of the testimony, the Circuit Judge alone is invested with power to pass upon its weight, and so far as the points of law are concerned we agree with the Circuit Judge.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.

MR. JUSTICE GARY concurs in result.

MR. CHIEF JUSTICE MCIVER, *dissenting*. I cannot delay the filing of this opinion by taking the time necessary to write out my views fully; especially as such time must be devoted to more important and pressing official duties. I must, therefore, content myself now with simply indicating my main ground of objection to the conclusion reached by Mr. Justice Pope, hoping that, at some future day, I may be able to discuss the case fully. The main ground upon which I rest my dissent is that the plaintiff has been allowed to introduce parol evidence tending to show a *parol* waiver by an alleged agent of the conditions of the contract upon which he bases his action, in direct violation of one of the express stipulations of the contract, when there was no testimony whatever even tending to show that the defendant company had, in any way, authorized any agent to

make such waiver in any other manner than that expressly prescribed by the terms of the contract.