## JONES BROS. v. HIERS.

1. CHARGE.—It is not a charge on the facts to refer to and read to the jury a paper admitted by the pleadings.
2. CHARGE.—It is not reversible error to fail to charge a proposition not specifically requested.
3. ESTOPPEL—CHATTEL MORTGAGE—PURCHASER WITHOUT NOTICE.—A party having acknowledged in writing the existence of a chattel mortgage, is estopped from afterwards setting up that he is purchaser of the chattel without notice of the mortgage.
4. DAMAGES—CLAIM AND DELIVERY—CHARGE.—Jury substantially instructed that they could only find such damages as directly and proximately result from any injury to, or unlawful detention of, the property sued for.
5. NEW TRIAL—APPEAL.—This Court cannot review facts before Circuit Judge, on motion for new trial on minutes.

Before TOWNSEND, J., Colleton, September, 1897. Affirmed. ·

Action by Jones Brothers against C. M. Hiers. Defendant appeals.

*Messrs. Griffin & Padgett,* for appellant, cite: *As to charge on the facts:* 50 S. C., 168; 47 S. C., 488; 49 S. C., 497; 51 S. C., 461. *As to prerequisites of recording mortgage so as to make it notice:* 22 S. C., 332. *As to kind of damages recoverable in actions of this kind:* 39 S. C., 465.

*Messrs. John R. Bellinger* and *Howell & Gruber,* contra.

April 16, 1900. The opinion of the Court was delivered by

MR. JUSTICE JONES. This is an appeal from a judgment in favor of plaintiff in an action of claim and delivery of a black mare. Plaintiffs claimed under a past due chattel mortgage, executed to them by J. W. Carter, and in their complaint also alleged the following agreement in writing by the defendant: "Lodge, S. C., October 14, 1898. I hereby certify that I have a black mare which I bought from James Carter, which Jones Bros. hold a mortgage over, and that I will be responsible for said mare until mortgage is satisfied. C. M. Hiers." The defendant admitted the execution of this agreement, denied all other material allegations of the complaint, and plead purchaser for valuable consideration without notice. The jury found a verdict for plaintiffs for the mare, or its value $100, and $25 damages.

Appellant's first, second, third, fifth, ninth, tenth, eleventh, twelfth, thirteenth, fourteenth, fifteenth, sixteenth, twenty-first, twenty-second and twenty-seventh exceptions, quoting portions of the charge to the jury, complain that the Judge charged in respect to matters of fact, in violation of the Constitution. We do not deem it necessary to consider these exceptions in detail. We single out exception eleven, inasmuch as appellant says: "it is a most

compendious statement of all the errors" of which appellant complains under this head. It is as follows: "11. That his Honor erred in charging the jury in respect to matters of fact the following: 'Now, I hear that argued here, that on one occasion one of the Jones brothers, or some one for them, I believe one of the firm—I am not sure about that, it is either one of the Jones Brothers or some one for them—I get it from the argument, went there to his house and got an agreement from him. I don't know—that's a matter of fact for you—whether he got an agreement or not. I am going to read a paper and tell you what I think about it—you may find it is in evidence; if you find that it is in evidence, you will have my construction of it. Now, this paper here, you see it—probably you have seen it before, probably you will see it again—I simply say I have it in my hand. (Reads paper—agreement of Dr. Hiers.) I hear the argument in reference to something of that kind. I hear the argument in reference to this. What's the situation, in case you find that's in evidence? C. M. Hiers signed it, and Jones Brothers took it. Let's see how the matter stood then. According to the argument, one of the firm or some one went there, and some one of the defendants put his hand on the mare. The other side contends he didn't. That's rather a small matter, apparently, but it has quite a significance in law, now don't forget that fact;' whereas, his Honor repeated the testimony, and expressed an opinion on a material fact." In reference to this exception we notice, first, that the word "fact," which is at the end of the isolated extract from the charge, is doubtless a misprint for the word "part," which is the word used by the Judge, as shown by the charge as contained in the "Case," at the bottom of page 84. He, therefore, at this point did not characterize anything in controversy as a fact, but in calling the attention of the jury to that part of his charge, and immediately thereafter proceeded to explain to the jury the law in reference to the foreclosure of a chattel mortgage, and then said, "Did this gentleman, William P. Jones, put his hand on the mare,

as contended; I will say, did he get hold of her so that he had control of her, and couldn't be put out of control without using force, did he have control of her? These are facts for you. If he got possession, his mortgage was foreclosed; if he didn't, his mortgage was not foreclosed, if he had a mortgage, &c." In reference to such portion of the charge excepted which refers to the agreement, it must be remembered that the agreement was admitted as a verity in the answer. How can it possibly be a charge on the facts to refer to and read a paper admitted in the pleadings? If we have any criticism to make on the charge, it is just the opposite of that made by appellant, viz: that the Judge was more than careful to avoid charging as to the facts, by leaving it to the jury to say whether a written agreement admitted in the pleadings was in evidence; but of this appellant surely cannot complain. An examination of the whole charge shows that the Judge was exceedingly careful to avoid charging in respect to matters of fact. We, therefore, overrule all the exceptions alleging error in this regard.

The next class of exceptions we notice relates to the question of purchase for value without notice. The sixth and eighth exceptions are as follows: "6. That his Honor erred in charging the jury: 'If you are going to record it (meaning mortgage), you must go before some one qualified to administer an oath, and swear that he saw it executed, signed, sealed and delivered; then the officer can put it on the books; but without that he ought not to put it on the books, and if he does, it is not notice; and if a man purchases property covered by such instrument as that, it is no notice, and he then occupies the position of an innocent purchaser without notice;' whereas, his Honor should have held and so charged the jury, that the witness to the paper was the proper party to make the affidavit before some one qualified to administer an oath, that he saw the party sign, seal and execute the mortgage; and his Honor should have so held and so instructed the jury, that the purchaser was governed by the record in the absence of actual notice; and if

a paper appeared of record without the record disclosing a probate, the purchaser for value would be an innocent purchaser without notice, notwithstanding the original instrument may have been properly probated. 8. That his Honor erred in charging the jury: "The proceeding means, they contend on one side, one side contends that the clerk took Jones Bros. mortgage and put it on record, having no probate at all;' whereas, it is respectfully submitted, the jury were misinformed on the facts, in that no such contention was made by the defense, and his Honor should have held and so charged the jury, that subsequent purchasers for value are to be governed by the record alone and not by the original instrument." The original chattel mortgage in evidence showed a proper affidavit by a subscribing witness as probate for record, and contained the usual certificate of the recording officer of its record, before the purchase by defendant from the mortgagor, but the record itself, while setting out in full the mortgage and the language of what purported to be the affidavit, failed to show that the witness signed the affidavit, and failed to show the officer's jurat. The defendant upon this claimed that the record was not such as to give him constructive notice, and further claimed that he had no actual notice. If appellant wished to have the Judge charge the jury specifically as to the law of constructive notice in case the record fails to show a proper probate, he should have preferred a proper request therefor, as it has been repeatedly decided that a mere failure to charge specific propositions of law do not constitute reversible error, in the absence of request to so charge. Moreover, to have charged that "if a paper appeared of record without the record disclosing a probate, the purchaser for value would be an innocent purchaser without notice, notwithstanding the original instrument may have been properly probated," without other qualification, would have been error in this particular case, in that it would ignore the effect of the agreement of defendants, made with full knowledge of the original mortgage, as a waiver of, or estoppel to

assert, his right, if any, as a purchaser for value without notice. We do not deem it necessary to notice particularly the first point made in exception six, as it appears very clearly from the whole charge that the Judge meant that the witness to the paper is the proper person to make affidavit. for record.

The next point relates to the matter of damages, and is made in exception 17, as follows: "17. That his Honor erred in charging the jury: 'Whether they have been damaged, is a matter for you. There are some items of damages that can be estimated by dollars and cents, and such must be proved. To illustrate: Suppose a man is hurt on a railroad, broke his leg, and he has paid $50 to the doctor, he can prove that in dollars and cents, but there is his pain and suffering, they can't calculate that, the jury is left to do that—they estimate it, but such items as can be calculated or counted in dollars and cents must be proved in dollars and cents. You are to say if they were damaged or not, and such damages as are proved necessary, and you must say whether they are necessary or not;' whereas, it is respectfully submitted, that such an illustration was not applicable to the case, and clearly led the jury to believe that they could award plaintiffs damages for the alleged 'unlawful withholding of the property of the defendant;' and his Honor should have held, and so charged the jury, that only such damages as may have been sustained by reason of direct and proximate injury to the property in question, or in reducing its value, was all that the jury could award plaintiffs, in the event they found for the plaintiffs." In this charge the jury were instructed to find only such damages as were proved necessary—by which he meant, of course, damages necessarily arising from any unlawful withholding or injury to the property of the defendant, which was as favorable to appellant as if he had instructed that damages to be recovered should be such as directly and proximately result from any injury to or unlawful detention of said property. We may not see the special aptness of the

illustration used by the Court, but it certainly did not convey to the jury that they might give vindictive or punitive damages, as suggested by appellant. .The jury found a verdict for only $25, which was well within the evidence as to the value of the use of the animal during the time of its detention by .defendant. To have charged as claimed by appellant, would have limited the damages recoverable to injury to the property or its value; whereas, by sec. 283 of the Code, the jury, in such. actions as this, may, if such are claimed, assess damages "which the prevailing party has sustained by reason of the detention or taking and withholding such property."

In reference to the exceptions imputing error in refusing a new trial, we need only say that we cannot review the facts in such an action, and that we find no error of law in such refusal.

The judgment of the Circuit Court is affirmed.