SMALLEY v. ATLANTA & CHARLOTTE AIR LINE RY. CO.

Railroads—Principal and Agent.—A Corporation owning a railroad by virtue of powers conferred by charter and permitting another corporation to operate it must be considered to be still itself operating the railroad through the corporation to which it has turned over the property as its agent, and is liable for injury caused by statutory or other negligence of the corporation operating the road.

*Pennington v. R. R. Co., 35 S. C., 439, overruled.*

Before Gary, J., Greenville, March, 1905. Affirmed.

Action by James D. Smalley, administrator, against Atlanta and Charlotte Air Line Railway Co. From judgment for plaintiff, defendant appeals.

*Mr. T. P. Cothran,* for appellant, cites: 63 S. C., 374; 59 S. C., 554; 35 S. C., 439; 41 S. C., 86; 47 S. C., 105, 376; 39 S. C., 517; 58 S. C., 222; 59 S. C., 254; 33 S. C., 136; 61 S. C., 495; 56 Fed. R., 551; 34 S. C., 451, 292; 41 S. C., 287.

*Messrs. R. J. Jaynes* and *McCullough & McSwain,* contra, cite: 70 S. C., 8; 63 S. C., 370; 66 L. R. A., 75.

April 2, 1906. The opinion of the Court was delivered by

MR. JUSTICE WOODS. Bennie F. Smalley, a deaf mute, of about fifteen years of age, was killed on August 4, 1904, at a public crossing near Westminster, S. C., by a freight train on defendant's railroad; and James D. Smalley, as administrator of his estate, recovered judgment against the defendant for damages, under the allegation that defendant was negligent in not giving the statutory signals at the crossing, in not slacking the speed of the train in approaching the crossing, in not keeping a proper lookout, and in not having a headlight on the engine. The defendant in the answer denied the charge of negligence, and alleged contributory negligence.

The single question involved in the appeal arises, however, under the allegation of the first paragraph of the complaint, that the defendant as a railroad corporation chartered under the laws of the State, owned the railroad on which Bennie F. Smalley was killed on August 24, 1904, and that on that date and for many years prior thereto it was operated as a common carrier of passengers. The defendant answered this allegation in these words: "That it admits the statements contained in paragraph 1, but

denies that at the time mentioned in said complaint it was a common carrier of passengers, or that it was operating any railroad cars or trains in the State of South Carolina." A motion was made by plaintiff to strike out all of this paragraph of the answer except the admission, as irrelevant, but the motion was refused.

At the trial the Circuit Judge refused to admit evidence offered by the defendant to the effect that the train which killed plaintiff's intestate was not operated at the time by defendant, but by another corporation. The appeal depends on the correctness of this ruling.

The defendant's counsel admits, if the complaint had alleged and the answer had admitted the defendant's railroad was operated, under a lease from defendant, by another corporation, which committed the alleged breach of duty to the public, the evidence would not have been competent, because the defendant could not have avoided a public obligation imposed by law by contracting with another to assume that obligation. *Bank* v. *Ry. Co.,* 25 S. C., 216; *Harmon* v. *R. R. Co.,* 28 S. C., 401, 5 S. E., 835. If this is so, when a railroad company leases its road under express authority conferred by the statute (Civil Code, sec. 2034), for a greater reason such corporation cannot rid itself of its obligation to the public by turning over its road to another corporation without statutory authority. A corporation has no implied authority to delegate or relinquish its public duties to another. The public franchises received through a charter embrace obligations to the public as well as rights, and these franchises, being deemed public trusts, are not transferable except by legislative authority. Therefore, a corporation owning a railroad by virtue of power conferred by charter, in allowing another corporation to operate it, must be considered to be still itself operating the railroad through the corporation to which it has turned over its property as its agent. *Davis* v. *Ry. Co.,* 63 S. C., 370, 41 S. E., 468; *Penn. R. R.* v. *St. Louis Ry. Co.,* 118 U. S., 290; note to

*Lee* v. *S. P. R. R. Co.,* 58 Am. St. Reps., 147; Elliott on Railroads, sec. 519.

A different view is taken in *Pennington* v. *R. R. Co.,* 35 S. C., 439, 14 S. E., 852, but it is impossible to reconcile this case with the later case of *Davis* v. *Ry. Co., supra,* and hence the former case must be considered overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.