### 6624

### JACKSON v. SOUTHERN RY.

1. RAILROADS—NONSUIT.—LESSOR railroad is agent of lessee and responsible for its acts of negligence.   When both are sued as defendants, nonsuit should not be granted as to lessor unless it should also be granted as to lessee.

   MR. JUSTICE JONES *thinks nonsuit should have been granted on proof.*

2. IBID.—FELLOW-SERVANTS—ISSUES—JURY.—Whether a station agent is a fellow-servant with a by-stander, whom he calls in to assist him in rolling cars away from a fire, is for jury.

3. MASTER AND SERVANT.—The erroneous instruction in this case that master is liable for injury caused a fellow-servant by reason of incompetency or inefficiency of a fellow-servant was not cured by other portions of the charge.   The master is only required to exercise due care in selecting his servants.

   MR. JUSTICE GARY *dissents.*

4. NEW TRIAL.—There being some evidence on which verdict of jury may be supported, refusal of new trial is not error of law.

Before KLUGH, J., York, May Term, 1906.   Reversed.

Action by W. F. Jackson, Jr., against Southern Ry.— Carolina Division and Southern Ry. Co.   From judgment for plaintiff, defendants appeal.

*Mr. J. E. McDonald*, for appellants, cites: *A station agent is not ordinarily held to be a vice-principal:* 2 Labat on M.

& S., sec. 508; 26 Pac., 70; 70 S. C., 95; 71 S. C., 53; 72 S. C., 237; 22 S. C., 558. *The doctrine of fellow servant is not based on equality in the matter of doing the work:* 22 S. C., 558; 55 S. C., 483; 70 S. C., 95; 71 S. C., 53; 72 S. C., 243, 264; 63 S. C., 559. *Master is not liable for negligence of incompetent servant if he has exercised due care in selecting him:* 12 Ency., 909-12; 1 Lab'at on M. & S., sec. 179; 48 L. R. A., 369; 15 S. C., 457; 25 S. C., 128; 66 S. C., 520; 78 S. C., 477; *Keys* v. *Granite Co.,* 72 S. C.

*Mr. Wm. B. McCaw,* contra, cites: *Lessor railroad is liable for negligence of its lessee:* 73 S. C., 572; 63 S. C., 370; 118 U. S., 290; 58 Am. St. R., 147; Elliott on R. R., sec. 519; 28 S. C, 404; 25 S. C., 222; Code 1902, 2026; Act 1902, 1152; 75 S. C., 162; 25 S. C., 216; 41 S. C., 415; 43 S. C., 197. *Station agent was the representative of the master and owned plaintiff same duties as master*: 18 S. C., 262; 22 S. C., 557; 23 S. C., 526; 25 S. C., 446; 63 S. C., 559; 68 S. C., 505; 70 S. C., 492; 35 S. C., 405; 61 S. C., 468; 70 S. C., 490: *The station agent was discharging duties of a superior agent or officer of appellant:* Con. 1895, art. IX, sec. 15; 68 S. C., 69; 52 S. C., 438; 51 S. C., 79; 61 S. C., 468; 73 S. C., 510; 106 U. S., 700; 23 S. W.. 211; 2 Thomp. on Neg., 981; 56 S. C., 446, 453. *What are the non-assignable duties of a railway company to its employees:* 63 S. C., 559; 70 S. C., 490; 61 S. C., 468; Con. 1895, art. IX, sec. 15; 68 S. C., 83; 18 S. C., 262, 275; 52 S. C., 438; 35 S. C., 407; 73 S. C., 570. *Agent should have notified plaintiff of danger:* 72 S. C., 420; 18 S. C., 270, 274; 80 N. Y., 46; 63 S. C., 575; 70 S. C., 490. *Scope of agency and powers of an agent are for jury:* 57 S. C., 347; 51 S. C., 543. *From what circumstances scope and power of agent may be gathered:* 47 S. C., 139; 27 S. C., 134; 1 Ency., 985, note 2, 988, sub. c.; 49 S. C., 356; 48 S. C., 434; 55 S. C., 568.

August 13, 1907. The opinion of the Court was delivered by

·MR. CHIEF JUSTICE POPE.    This is the second appeal in this case (73 S. C., 557, 54 S. E., 231).

The facts are as follows: On the night of October the 9th, 1903, a large fire took place in Tirzah, a station on defendant's road in York County.    The fire had done much damage and was threatening to destroy several freight cars standing on a side-track between the fire and defendants' depot.    In order to save the cars and the station, which would necessarily have caught had the cars been burned, S. M. Carothers, defendants' agent at Tirzah, sought to roll the cars down the track.    In pursuance of this plan he called to Will Roach and George Wilson to help him and he himself got upon the cars to work the brakes.    Will Roach having failed to respond to his request and George Wilson being unable to move the cars, Carothers called one or more persons to his aid, among whom was the plaintiff, W. F. Jackson, Jr.    To facilitate moving the cars he ordered Georg Wilson to uncouple them.

Jackson, according to his own testimony, believing that Wilson had carried out the order, got between the cars and was pushing when the car behind caught his right foot, crushed his ankle and bruised his right leg considerably. Plaintiff alleged negligence on the part of the defendants in not furnishing him, through their representative, S. M. Carothers, a safe place to work; reasonably safe and suitable appliances with which to work; a competent servant to uncouple the cars; and a sufficient and competent force to move them.    The defendants deny any negligence on their part and allege that plaintiff's injury was due to an unavoidable accident and that the injuries were caused by the acts of fellow-servants, therefore, they are not liable.    The case came on for trial at the May, 1906, term of Court for York County.    At the conclusion of the plaintiff's testimony defendants moved for a nonsuit.    Judge J. C. Klugh, the presiding Judge, refused the motion and allowed the case to go to the jury.    The result was a verdict for six thou-

sand dollars for the plaintiff. The motion for a new trial having been refused, defendants appeal to this Court.

The first exception raises the point that the motion for a nonsuit should have been granted as to the defendant, Southern Railway—Carolina Division, as there was a total failure of proof tending to show negligence on its part. It was admitted on all sides that the defendants occupied the relation to each other of lessor and lessee. Under our law the defendant, Southern Railway, is agent of its lessor and the lessor is responsible for all acts of negligence on the part of the Southern Railway's officers and agents. *Smalley* v. *Railway*, 73 S. C., 572, 53 S. E., 1000; *Franklin* v. *Railway*, 74 S. C., 332; *Reed* v. *Railway*, 75 S. C., 170. Therefore, unless the nonsuit could have been granted as to the Southern Railway, no error was committed in refusing it as to the Southern Railway—Carolina Division. Let us consider then if the motion should have been granted as to the lessee.

The motion was made on the grounds that there was no evidence tending to show negligence on the part of the defendants, and that plaintiff's injuries, if he were injured, were due solely to the acts of fellow-servants. These grounds resolve themselves into the question whether Carothers was the representative of the master and a superior servant having a right to control and direct the services of the plaintiff. On the former appeal, it was held that there was testimony going to establish this relation and the nonsuit was properly refused. On this trial the evidence is equally strong, if not stronger. Carothers himself testified that he had control of defendants' property at Tirzah. Several witnesses testified to the same effect. The property being in danger, he called upon the plaintiff to aid in protecting it and the plaintiff responded. Under these circumstances we think the question was properly submitted to the jury to say whether he was a superior or a fellow-servant. The nonsuit, therefore, was properly refused.

The next question raised by the defendants' exceptions, is that the Circuit Judge charged the jury that in order to constitute the relation of fellow-servants, there must be equality in the matter of doing work. This exception misconstrues the charge. Throughout Judge Klugh seemed anxious to impress upon the jury that difference of rank did not necessarily prevent persons from being fellow-servants. After charging defendants' request to this effect, he added these words: "That makes clear the distinction that I have been seeking to bring to your attention all along between the relation of fellow-servants and the relation between the superior servant representing the master and the under servant, and I so charge you." It is impossible that the jury could have been misled by the words objected to. Therefore, we overrule the objection.

The circuit Judge charged the jury in effect that if the master fails to employ competent servants and an employee is injured by reason of the incompetency or incapacity of his fellow-servants then the master is liable. The defendants object to this charge on the ground that it renders the master absolutely liable if injury results from the employment of incompetent servants. This contention must be sustained. It is true that one entering service does not assume the risk arising from the negligent selection of incompetent servants, and it is also true that evidence of incompetency of a servant raises a *prima facie* presumption of negligence in the master selecting him, in the absence evidence of due care in selection. But it was error to charge the jury that if the master fails to employ competent servants and an employee is injured by reason of incompetency or incapacity of his fellow-servant, then the master is liable, for the master is liable only for due care in the selection of his servants. It is true the Circuit Judge did charge: "Now, after the employer has exercised reasonable care in selecting employees, he is not bound to compensate a fellow-servant for the negligence of his fellow-servants, as I

have already instructed you," but he immediately followed it with this inconsistent and erroneous instruction: "But if he fails to employ competent fellow-servants and an employee is injured by reason of the incompetency or incapacity of the fellow-servants to do the work they are employed to do, that is a risk the employee does not assume, but the employer is bound to compensate him if he was injured by the incompetence of his fellow-servants, just as much as he is bound to compensate him if he is injured by reason of the unsafe or unsuitable appliances that might be necessary for the doing of the work and that are furnished by the employer."

The defendants' fifteenth request to charge was: "The law is that when one enters into the employ of another he assumes the natural and ordinary risk of such employment, which includes the negligence of a fellow-servant, if the master has selected such fellow-servant with due care. If the jury should find that Carothers had authority to direct and control those who were working under him, and if they should find further that he gave orders and directions, but that such orders and directions were not obeyed or carried out, that that was the proximate cause of the plaintiff's alleged injury, then the plaintiff cannot recover and the verdict must be for the defendant." In commenting on this request the Circuit Judge again emphasized the error in these words: "That is, if you should find that those orders were not carried out because of the negligence of the fellow-servant to whom they were given. If you should find that they were not carried out because of the inefficiency or incompetency of a fellow-servant, the defendant would be liable because you must bear in mind the difference between the liability of the employer for the negligence of his fellow-servants and his liability for inefficiency and incompetency. He is not liable for the negligence. He is liable if he has selected incompetent or inefficient fellow-servants just the same as he would be liable for a defect in any other appliance which he furnishes that would be necessary to do the

work, and so I charge you." This, in effect, makes the master a guarantor of the competency of his servant, whereas all that the law imposes upon the master is the exercise of due care in selecting his servants. The question of due care under all the circumstances should have been submitted to the jury.

The last alleged error is failure of the Circuit Judge to grant a new trial on the ground of insufficiency of evidence to sustain the verdict. There was testimony on all the material issues in the cause. The jury heard the case and rendered a verdict for the plaintiff. The Circuit Judge on the motion for a new trial, we must take for granted, carefully considered the testimony and his conclusion was that the verdict was proper. Under the well settled law this Court cannot review the evidence. *Miller* v. *Railway,* 69 S. C., 116, 48 S. E., 99; *Jones* v. *Hiers,* 57 S. C., 427, 35 S. E., 748; *Wilson* v. *Assurance Co.,* 51 S. C., 549, 29 S. E., 245.

It is the judgment of this Court that the judgment of the Circuit Court be reversed and the case remanded for a new trial.

MR. JUSTICE JONES *concurring.* I concur in the judgment for reversal. The testimony in view of the decision on the former appeal in this case, 73 S. C., 572, 54 S. E., 231, leaves no room to doubt that plaintiff was fellow-servant with Wilson in the matter of moving the cars from the threatening fire and that the failure of Wilson to uncouple the cars, as directed by Carothers, representing the master, was the proximate cause of the injury. The plaintiff testified that just before he went in between the cars to push with Wilson, he heard Carothers direct Wilson to uncouple the cars and that he supposed the order had been obeyed. Being a fellow-servant with Wilson, however regretable his misfortune, plaintiff cannot recover of defendant for injuries resulting from the negligence of Wilson in failing to obey the order of Carothers.

The master is liable to a servant for the acts or omissions of a fellow-servant, due to incompetency and incapacity, when the master is negligent in the selection of such fellow-servant. Proof of a servant's incapacity raises only a *prima facie* presumption of negligent selection by the master, but in this case there was no evidence that Wilson, a section hand, was incompetent to uncouple standing freight cars, and there was no evidence that it was a negligent act to select Wilson to aid in the sudden emergency and necessity for quick action caused by the fire.

For these reasons there was error in refusing to grant a nonsuit as alleged in subdivisions a and b of the second exception, in charging the jury as alleged in the fourth and fifth exceptions and in refusing a new trial for want of evidence to sustain the verdict, as alleged in the eighth exception.

Mr. Justice Gary *dissents.* Mr. Chief Justice Pope uses this language in his opinion:

"The Circuit Judge charged the jury, in effect, that if the master fails to employ competent servants, and an employee is injured by reason of the incompetency or incapacity of his fellow-servants, then the master is liable. The defendants object to this charge, on the ground that it renders the master absolutely liable, if injury results from the employment of incompetent servants. This contention must be sustained. * * * This, in effect, makes the master a guarantor of the competency of his servant, whereas, all that the law imposes upon the master, is the exercise of due care in selecting his servants. The question of due care under all the circumstances, should have been submitted to the jury."

In order to determine whether there was error in that portion of the charge just mentioned, it will be necessary to refer to the pleadings, for the purpose of ascertaining the issues involved.

The complaint, in specifying the particulars in which the defendant was negligent, alleges that it failed to "select or

employ a competent servant to uncouple the freight or box cars, to further and expedite their removal;" also, to "furnish a sufficient and competent force to remove said freight or box cars, with due regard to the safety of plaintiff."

While the answer of the defendants does not deny this allegation, in express terms, it may, under a liberal construction, be regarded as put in issue, but the defendants did not set up *as a defense,* that they exercised due care in the selection of their servants.

In the case of *Hicks* v. *Ry.,* 63 S. C., 559, 575, 41 S. E., 753, the Court says: "We see no reason why it should not be *prima facie* evidence of negligence, to employ an incompetent servant, as well as to furnish defective machinery. Nor do we see why a servant should be held to assume the risk of negligence on the part of an incompetent fellow-servant, when he does not assume the risk arising from defective machinery, especially, since it has been decided that the word appliances includes the persons necessary to operate the machinry." The principle is thus stated in *Branch* v. *Ry.,* 35 S. C., 405, 407, 14 S. E., 808: "The allegation on the part of a servant, that he has sustained an injury while in the service of the master, by reason of the neglect of a duty, which the latter owes to the former, unquestionably states a cause of action, for, as said above, the omission of such duty affords at least *prima facie* evidence of negligence, and while it is true that such *prima facie* showing may be rebutted by evidence, tending to show that such omission of duty on the part of the master was not owing to his want of care and diligence, but was due to other causes which he could not control, yet until such *prima facie* showing is rebutted, it will be conclusive. For instance, the master may show that he did not know, and could not by the use of due care and diligence have ascertained, that there was any such defects in the machinery, or other appliances furnished the servant, as would be likely to cause the injury complained of; but until this is shown, the failure to perform an acknowledged duty stands unexcused, and renders the master responsible.

"It seems to us, therefore, that want of knowledge on the part of the master of the defect in the machinery, being a a matter of excuse for the failure on his part, to perform an acknowledge duty, constitutes matter of defense, and is not an element in the cause of action. * * * As the law, recognizing the imperfection of human nature, does not require absolute perfection in the performance of duty, it will listen to excuses for non-performance, *as a defense* to an action to recover damages for an injury sustained by one by reason of the failure of another to perform a duty, which the latter owes to the former. We think, therefore, that knowledge on the part of defendant company, in this case, of the defect in the machinery, by reason of which the injury complained of was sustained, constitutes no part of the plaintiff's cause of action, but is a matter of defense."

Under this authority (which has been affirmed in subsequent cases), the charge mentioned in the opinion, even standing alone, was free from error.

But his Honor, the presiding Judge, charged specifically that, "after the employer has exercised reasonable care in selecting employees, he is not bound to compensate a fellow-servant for the negligence of his fellow-servants," thus submitting the question squarely to the jury, whether there was due care in the selection of the servants.

It seems to me that the doctrine announced in the opinion would practically overrule the case of *Branch* v. *Ry.,* 35 S. C., 405, 14 S. E., 808, in this particular.

For these reasons I dissent.