7390

JACKSON v. SOUTHERN RY.

RES JUDICATA—NONSUIT—VERDICT.—Where this Court on previous appeals held nonsuit would be improper, it is error in trial Judge on substantially the same state of facts to direct a verdict for defendant.

Before WATTS, J., York, February, 1908. Reversed.

Action by W. F. Jackson, Jr., against Southern Railway —Carolina Division and Southern Ry. Co. From judgment on verdict directed by Court, plaintiff appeals.

*Messrs. T. F. McDow* and *J. H. Marion,* for appellant. *Mr. Wm. B. McCaw,* formerly counsel for appellant on motion for new trial on circuit, cited, which are filed herein: *Carothers was representative of master, and was discharging duties of superior officer:* 18 S. C., 262; 22 S. C., 557; 25 S. C., 446; 63 S. C., 559; 68 S. C., 505; 70 S. C., 492; 69 S. C., 101, 387; Con., art. IX, sec. 15; 68 S. C., 69; 52 S. C., 438; 51 S. C., 79; 61 S. C., 568; 73 S. C., 510; 77 S. C., 550. *Duty of master to warn of danger:* 55 S. C., 483; 72 S. C., 411; *Elms* v. *Power Co. Master is liable for injury caused by his negligence concurring with that of fellow servant:* 106 U. S., 702; 42 Am. St. R., 915; Thomp. on Neg., secs. 4856, 4932.

*Messrs. McDow & Marion,* cite: *Proximate cause:* Lab. on M. & S., 2205; 29 Kan., 149; 72 S. C., 101. *Duty to couple was non-delegable:* 73 S. C., 570. *Supervision of vice principal no bar:* Lab. on M. & S., sec. 815.

*Messrs. Abney & Muller* and *J. E. McDonald,* contra. No argument furnished Reporter.

November 26, 1909. The opinion of the Court was delivered by

MR. CHIEF JUSTICE JONES. This is an action for personal injuries alleged to have been sustained by plaintiff as the result of defendant's negligence, and the appeal is from an order directing verdict for defendant and refusing to vacate same and to grant a new trial.

This is the third appeal, and reference may be had to 73 S. C., 357, 54 S. E., 231 and 77 S. C., 550, 58 S. E., 605, for a full statement of the facts and issues involved on such appeals.

On the first appeal the Court said: "There was testimony to show that S. W. Carothers, at the time of the injury, was discharging the duties of a superior agent or

officer, having the right to control or direct the service of the plaintiff, who had assumed the relation of a servant, by undertaking, at the request of Carothers, to perform the duty of assisting in the removal of the cars. One of the duties resting upon Carothers, as the representative of the defendant, was to provide a safe place for the plaintiff to work. This being one of the primary duties could not be delegated to a subordinate servant. If the place was rendered unsafe by the failure to uncouple the cars, then it was the duty of the defendant acting through its representative to see that they were uncoupled. As there was some testimony tending to show this fact and that the injury resulted therefrom, the motion for nonsuit was properly refused."

The Judge presiding on the first trial charged in effect that if plaintiff was injured through the negligence of a servant of defendant as a proximate cause he was entitled to recover, and also charge that plaintiff was entitled to recover if injured proximately by the negligence of a fellow servant acting under the direction of a representative of the defendant, present and supervising the work and having right to direct. The Court said: "The charge must be construed with reference to the issues raised by the pleadings, and in the light of the testimony. The only servants of the defendant except the plaintiff, who were engaged in moving the cars to a place of safety, were S. M. Carothers and George Wilson. The charge, in so far as it was applicable to Carothers, was free from error; George Wilson, however, occupied a relation quite different from that of Carothers. There was no testimony tending to show that George Wilson was a superior agent or officer, or that he had the right to control or direct the services of the plaintiff, who was engaged with him in the same piece of work. They were, therefore, fellow servants, and one of the risks which they assumed was the negligence of a fellow servant. The charge of the Circuit Judge was not in

conformity with these principles." Upon this last ground the judgment was reversed.

On the second appeal, 77 S. C., 550, 58 S. E., 605, the majority of the Court held that there was no error in refusing nonsuit, but reversed the judgment for error in the charge. The writer of this opinion took the view that nonsuit was also proper, as it appeared to him that plaintiff's injury was the result of the negligence of his fellow servant, George Wilson, in failing to uncouple the cars as directed by Carothers representing the master. If this question were now before the Court for the first time, or if a similar question should arise in a different case, the writer would be inclined to side with the view of the Circuit Judge in this case, that there is not a *scintilla* of testimony tending to show any breach of defendant's duty to the plaintiff.

If, on the former trials, refusal of nonsuit was proper, the Court on this trial could not consistently hold it proper to direct a verdict for defendant for lack of testimony, since the testimony on all the trials was substantially the same, and since the rules which govern the granting of a nonsuit govern the direction of a verdict.

The judgment of the Circuit Court is reversed and the case remanded for a new trial.