BRANCH v. PORT ROYAL &c. RAILWAY COMPANY.

1. NEGLIGENCE—PLEADINGS—SCIENTER.—In action to recover damages for an injury done by a master to his servant, an allegation that the injury was sustained by reason of neglect of duty on the master's part in furnishing proper machinery for the work required of the servant, is not insufficient in failing to allege further that the master knew of the defect in the machinery; as want of knowledge, through no absence of due diligence in acquiring it, is a matter of defence, and therefore need not be set forth as a part of plaintiff's cause of action.

Before WALLACE, J., Abbeville, January, 1891.

Action by W. A. Branch, as administrator of W. L. Branch, deceased, against The Port Royal & Western Carolina Railway Company. The opinion states the case.

*Messrs. Joseph Ganahl* and *Parker & McGowan*, ̦for appellant.

*Messrs. E. B. Gary* and *W. C. Benet*, contra.

March 9, 1892. The opinion of the court was delivered by

MR. CHIEF JUSTICE MCIVER. The only question raised by this appeal is whether the Circuit Judge erred in overruling a demurrer to the complaint based upon the ground that the complaint does not state facts sufficient to constitute a cause of action. So much of the complaint as is pertinent to this inquiry reads as follows: "That the said William L. Branch, while in the employment as a train hand of said defendant on its train of cars on said defendant's railroad track, in the county and State aforesaid, and while in the discharge of his duty as such train hand, in attempting, when said train of cars was running very fast, to adjust and arrange certain loose timbers on top of one of said cars, was killed through the carelessness, negligence, and wrongful acts of the defendant, in that defendant's machinery connected with said train of cars, and which caused the death of William L. Branch was defective, in that said defendant failed negligently to keep in repair the machinery aforesaid, and in that said defendant negligently failed to do and perform such other and further things in and about the premises as the law required should have been done."

The allegation, therefore, briefly stated, is that plaintiff's intestate while in the performance of his duty as a servant of defendant, was killed by reason of a defect in the machinery provided by defendant, and the point of inquiry is whether such an allegation is sufficient, or whether it is not necessary that the plaintiff should further allege that the defect in the machinery was known to the defendant.

The rule is well settled that it is the duty of the master not only to furnish his servant in the first instance with safe and

suitable machinery or other appliances to enable him to perform the work for which he is employed, but also to keep the same in repair; and that the neglect of the master to perform such duty renders him liable to the servant for any injury he may sustain by reason of such neglect. *Gunter* v. *Graniteville Manufacturing Company*, 18 S. C., 262; *Donahue* v. *Enterprise Railroad Company*, 32 *Id.*, 301; *Carter* v. *Oliver Oil Company*, 34 *Id.*, 211. And, as is said in the case last cited, the omission to perform such duty on the part of the master "affords at least *prima facie* evidence of negligence on his part." In the case of *Lasure* v. *Graniteville Manufacturing Company*, 18 S. C., 275, it was held that it is the duty of the master, and not of the servant, to exercise due care and diligence in ascertaining whether the machinery or other appliances furnished the servant, with which to perform the work for which he is employed, are kept in proper repair.

In the light of these principles, as laid down by this court, it seems to us that there was no error in overruling the demurrer. The allegation on the part of a servant, that he has sustained an injury while in the service of the master by reason of the neglect of a duty which the latter owes to the former, unquestionably states a cause of action, for, as said above, the omission of such duty affords at least *prima facie* evidence of negligence, and while it is true that such *prima facie* showing may be rebutted by evidence tending to show that such omission of duty on the part of the master was not owing to his want of care and diligence, but was due to other causes which he could not control, yet until such *prima facie* showing is rebutted, it will be conclusive. For instance, the master may show that he did not know, and could not by the use of due care and diligence have ascertained, that there was any such defect in the machinery or other appliances furnished the servant as would be likely to cause the injury complained of; but until this is shown, the failure to perform an acknowledged duty stands unexcused and renders the master responsible.

It seems to us, therefore, that want of knowledge on the part of the master of the defect in the machinery, being a matter of excuse for the failure on his part to perform an acknowledged

duty, constitutes matter of defence, and is not an element in the cause of action. Where one is injured by reason of the failure on the part of another to perform a duty which the latter owes to the former, and nothing more appears, it would seem to be clear that a cause of action arises, for here the primary right of the one and the corresponding duty of the other have both been violated by the *delict* of the latter in failing to perform his acknowledged duty. But as the law, recognizing the imperfection of human nature, does not require absolute perfection in the performance of duty, it will listen to excuses for non-performance *as a defence* to an action to recover damages for an injury sustained by one by reason of the failure of another to perform a duty which the latter owes to the former. We think, therefore, that knowledge on the part of the defendant company in this case of the defect in the machinery, by reason of which the injury complained of was sustained, constitutes no part of the plaintiff's cause of action, but is a matter of defence.

Indeed, to hold otherwise would, as it seems to us, in violation of the well settled rule as to the degree of negligence which would make the master liable to his servant, require a much higher degree of negligence; for where a master *knowingly* furnishes his servant with machinery so defective as to be unsafe, he displays such a reckless disregard of human life, that his conduct could not properly be characterized as exhibiting anything less than the grossest negligence. If, therefore, knowledge on the part of the master of the defect in the machinery constitutes an essential element in the cause of action, then it follows that the only degree of negligence for which a master could be held liable for an injury sustained by his servant, by reason of a defect in the machinery with which he is furnished to do the work for which he is employed, would be the grossest negligence; but if it is held, as we do hold, that want of knowledge on the part of the master is a matter of defence, which, if shown, may excuse the failure to perform an acknowledged duty, then no such consequence follows, and the well settled rule of ordinary negligence may be applied.

Inasmuch as the exception taken by the appellant to the judgment below is, as therein stated, simply because the complaint "con-

tains no allegation of defendant's *knowledge* of the alleged defective machinery," without adding "nor any allegation that the master ought to have known of the defect," or some such words, and the want of these additional words in the exception is made the basis of one of the arguments submitted by respondent, it may be proper for us to say, in order to prevent any misapprehension, that in the foregoing discussion we have used the word "knowledge" in its broadest sense, as embracing that which the master, by the use of due diligence, ought to have known, as well as that which he actually knew.

The judgment of this court is, that the judgment of the Circuit Court be affirmed.