YOUNGBLOOD v. SOUTH CAROLINA AND GEORGIA R. R. CO.

1. EXCEPTION.—WHERE OBJECTION is made to evidence, ground thereof should be stated, otherwise Court is not required to consider it.

2. EVIDENCE—NEGLIGENCE—DAMAGES—CHILDREN.—In action for damages for personal injury from negligence of defendant, it is competent for plaintiff to show the number of children and their ages dependent on him for support, as showing that result of such negligence deprives him of the capacity to meet obligations imposed on him by law.

3. IBID.—IBID.—IBID.—PLEADINGS.—In such actions plaintiff may show direct specific effects of injury without alleging them, as that it caused rheumatism.

4. PLEADINGS—MASTER AND SERVANT—EVIDENCE—COUPLERS—APPLI-
ANCES.—Under allegations of insecure and defective coupling appli-
ances, plaintiff may show that defendant failed to furnish him with
a coupling stick.

5. NONSUIT.—Evidence susceptible of more than one inference, and
whether defendant was guilty of negligence in continuing to operate
machinery after notice of defect, was properly submitted to the jury.

6. IBID.—MASTER AND SERVANT—MACHINERY—DEFENSE—DAMAGES—
NEGLIGENCE—APPLIANCES.—UNDER CONSTITUTION, knowledge by
brakeman of defective coupling appliance is no defense to an action
for damages for injury therefrom, and nonsuit properly refused.

7. EVIDENCE—PRACTICE.—Error in excluding evidence is cured by its
admission afterwards.

8. MASTER AND SERVANT—NEGLIGENCE—FOREIGN CARS.—RAILROAD
company using cars of another company in its train must keep them
in same repair as its own, to relieve it from liability to its employees
from defects in such cars.

9. CHARGE—REQUEST.—Party desiring specific proposition of law
charged, must present request therefor before he can assign error
for failure to charge such proposition.

Before KLUGH, J., Richland, July term, 1900.   Af-
firmed.

Action for damages for personal injuries by John B.
Youngblood against South Carolina and Georgia Railroad
Co.   From verdict for plaintiff, defendant appeals.

*Messrs. B. L. Abney* and *E. M. Thomson,* for appellant.
The latter cites: *Plaintiff, at close of his testimony, having
admitted and proved the defense which, if true, defeated
the action, should have been nonsuited:* 23 S. C., 289; 26
S. C., 491; 29 S. C., 100; 44 S. C., 318; 48 S. C., 384; 51
S. C., 237; 55 S. C., 302; 51 S. C., 301; 52 S. C., 443; 53
S. C., 363; 160 Mass., 554; 65 N. W. R., 550; art IX., sec.
15, Con.; 72 Miss., 878; 14 A. & E. R. Cas. (N. S.), 732;
1 McM. L., 400; 140 Mass., 245; 135 Mass., 398; 120 N.
Y., 124; 22 S. C., 557.   *Error to permit plaintiff to testify
how many children he had and that family had no means of
support except his labor:* 102 U. S., 460; 85 Tenn., 468; 74

Ill., 343; 65 Ill., 160; 4 A. R. R. & C. R., 239; 81 Fed. R., 807; 39 S. C., 162; 53 S. C., 246. *Party alleging specific negligence cannot thereunder introduce evidence as to any kind of negligence:* 45 S. C., 282; 57 S. C., 189. *Only duty of defendant as to "foreign cars" is that of ordinary inspection:* 135 Mass., 201. *Plaintiff being aware of defect in coupler, should use ordinary care in using it, and this is question for jury:* 14 A. & E. R. Cas. (N. S.), 727; 72 Miss., 878.

*Messrs. P. H. Nelson* and *Melton & Belser,* contra, cite: *Evidence as to plaintiff's children and their means of support, competent:* 39 Mo., 468; 8 Pa., 479; 86 Ky., 579; 7 Bush., 238. *As to relevancy of testimony much is left to discretion of Circuit Judge:* 54 S. C., 314; 52 S. C., 377; 50 S. C., 129; 48 S. C., 143; 35 S. C., 537; 33 S. C., 577; 30 S. C., 176; 24 S. C., 340; 16 S. C., 102; 14 S. C., 553. *Also evidence as to plaintiff's general health since injury:* 41 L. R. A., 287; 5 Ency. P. & P., 747; 36 Minn., 147; 70 Tex., 73; 115 Ind., 443. *Error in ruling out evidence is cured by its reception afterwards:* 17 S. C., 178; 35 S. C., 537; 36 S. C., 368; 40 S. C., 92; 41 S. C., 415; 53 S. C., 451. *Whether servant has waived his right to exact perfect appliances, or is guilty of negligence in using defective ones is question for jury:* 55 S. C., 101; 54 S. C., 358; 52 S. C., 438; 51 S. C., 232; 48 S. C., 384; 18 S. C., 281; 8 Allen, 441; 5 L. R. A., 439, 750; 55 S. C., 102; 58 R. A., 751; 21 S. C., 541. *Knowledge of such defect by employee is no defense by employer:* Con., art. IX., sec. 15. *Railroad company must keep "foreign cars" used in making up its trains in same repair as its own:* 26 S. C., 263; 5 L. R. A., 751; 95 N. Y., 546; 3 Hun., 338; 14 Ency., 883, 884. *Defendant's third request did not correctly state the doctrine of contributory negligence, and was hence properly refused:* 7 Ency., 2d ed., 371; 56 S. C., 95; 55 S. C., 395; 46 S. C., 203; 45 S. C., 146. *As to assumption by servant of risks of his employment:* 6 L. R. A., 246.

March 27, 1901.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action for damages sustained by the plaintiff, while in the employment of the defendant as switchman in its yard in the city of Columbia, on the 3d day of December, 1898.   The complaint alleges that on said day the defendant, in disregard and violation of its duty, negligently and carelessly provided and furnished to the plaintiff a car which was not good, safe or secure, in that the coupler and the coupling appliance thereof were worn, broken and defective; that while the said car was in the use and service of the defendant, the plaintiff, while adjusting the coupler and coupling appliances thereof, in the endeavor to couple the same with those of another car of and in the use and service of the defendant, his right forearm, by reason and in consequence of the unsafeness, defectiveness and insecurity aforesaid, was caught between the coupler of said cars and crushed, bruised and broken; that by reason thereof, the plaintiff suffered great bodily pain, and was ill and incapacitated for work, for about three months, and was compelled to have his forearm amputated, and was permanently injured in the loss of said forearm.

The defendant answered the complaint denying its allegations, and setting up the defense of contributory negligence.

At the conclusion of plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused.   The jury rendered a verdict in favor of the plaintiff for $2,700.

The defendant appealed upon exceptions, the first and second of which are as follows: "1. Excepts because the presiding Judge erred in allowing the plaintiff to testify, over the objection of defendant, as to being a married man, and as to the number of his children and their ages; because, it is submitted, such evidence was irrelevant to any issue raised by the pleadings, and was incompetent upon the question of the amount of damages claimed.   2. Excepts because the presiding Judge erred in

overruling defendant's objection to and allowing the plaintiff to answer the question, 'Has your wife and those children any means of support except what you provide for them?' Answer, 'No, sir.' Such evidence, it is submitted, being irrelevant to any issue raised by the pleadings and incompetent upon the question of the amount of damages claimed." The questions presented by these exceptions arose during the examination in chief of the plaintiff, as follows: "Q. Are you a married man? A. Yes, sir. Q. How many children have you?" "Mr. Abney: We object." "Q. By Mr. Nelson: What means have you for support besides which you can make by your labor? A. None at all. Q. Are you dependent upon that for a support for yourself and family? A. Yes, sir. Q. What family have you?" "Mr. Abney: We object to the testimony with regard to the condition of the plaintiff, as to his financial condition, as to his family relations or any thing else." "The Court: A man is bound by law to provide for the support of his family, so far as he can do so. Now, if this man's children were independent, self-supporting, if they were of age, I think the question might be irrelevant whether he had any children; but if those who are dependent upon him for support, and for whose support the law imposes on him the obligations of providing for them, then it becomes competent, under the allegation of the complaint, that he is permanently injured, in ascertaining the question of the extent of the injury, in so far as it may or may not incapacitate him to meet the obligations which are imposed upon him by law. I think the question competent." "Q. How many children have you? A. Five. Q. How old is the oldest one? A. Ten. Q. And the youngest? A. About five months. Q. Has your wife and those children any means of support except what you provide for them?" "Mr. Abney: We continue to object to the whole line of the evidence." "The Court: Note the objection, which is overruled." "A. No, sir." The grounds of objection are not stated. When objection is made to the introduction of tes-

timony, the ground thereof should be clearly and specifically stated, in order that the Circuit Judge may know upon what question he is requested to rule. "A ground of objection which was not ruled upon by the presiding Judge cannot be urged in this Court." *Allen* v. *Cooley,* 53 S. C., 80; *Norris* v. *Clinkscales,* 59 S. C., 243. But waiving this objection, the testimony was admissible, not for the purpose of showing that the plaintiff was entitled to recover damages sustained by the members of his family, by reason of his injury, but as tending to show that one of the direct and proximate results flowing from the defendant's alleged negligence was to deprive him of the capacity to meet the obligation imposed upon him by law of supporting his family. *Johns* v. *R. R. Co.,* 39 S. C., 162; *Mathis* v. *Ry. Co.,* 53 S. C., 258. If this was a direct and proximate result of the injury, we see no reason why it should not have been considered by the jury in estimating the damages which he sustained. *Pickens* v. *Railway Co.,* 54 S. C., 498. A person is certainly damaged when he is deprived of the ability to meet a legal obligation. These exceptions are overruled.

The third exception is as follows: "3. Excepts because the presiding Judge erred in overruling defendant's objection to and allowing the plaintiff to answer the question, 'And your general health, since you lost this arm, your general health, has it been good or impaired?' Answer, 'Been bad, I have suffered from rheumatism ever since.' Whereas, it is submitted, that the complaint containing no allegation that plaintiff's health had been affected, such evidence should have been excluded." In 5 Enc. of Pl. & Pr., 746, 7, under the head of *"Describing Injuries,"* it is said: "It is not necessary in such actions that the petition should undertake to give a specific catalogue of the plaintiff's injuries. It is enough that the declaration shows the injury complained of, without describing it in all its seriousness, and a recovery should be had in proportion to the extent of the injury." And under the head of "Effect

or Result of Injury," we find the following on page 747: "Nor do the rules of pleading require that every effect or result following the infliction of particular injuries shall be set forth in the declaration in order to recover therefor, since such a course would, in effect, require the pleading of the entire evidence." In 3 Sutherland on Damages, 2661, 2663, the rule is thus stated: "The general rule in tort is that the party who commits a trespass or other wrongful act is liable for all the direct injury resulting, although such injury could not have been contemplated as the probable result of the act done. The plaintiff may show specific direct effects of the injury without specially alleging them; as that he was thereby made subject to fits. If they were a part of the result of the injury, the plaintiff may recover for such damage without specially alleging it, as well as the pain and disability which followed." This language is quoted with approval in *Croco* v. *Ry. Co.,* 44 L. R. A. (Utah), 285, in which the rule just stated is sustained both by reasoning and authorities. This exception is overruled.

The fourth, fifth, sixth and seventh exceptions were argued together, and are as follows: "4. Excepts because the presiding Judge erred in overruling defendant's objection to and allowing the plaintiff to answer the question, 'One engaged in the service you were as coupler is it usual to furnish them with any implement, anything to work with, a car coupler or stick?' Answer, 'Yes, sir, the Southern road requires you to use sticks.' Such evidence, it is submitted, was irrelevant to any issue raised by the pleadings, the evidence admitted was as to a charge of negligence not covered by the allegations of the complaint. 5. Excepts because the presiding Judge erred in allowing plaintiff to testify, against the objection of defendant, that he had not been furnished with any coupling stick. For the same reason as in (4), *supra.* 6. Excepts because the presiding Judge erred in overruling defendant's objection to and allowing the plaintiff to answer the question, 'After this accident happened and your arm crushed,

were you asked about your coupling stick or to receipt for one?' Answer. 'Yes, sir.' For the same reason stated in (4), *supra*. 7. Excepts because the presiding Judge erred in allowing plaintiff to testify, over the objection of defendant, that the yardmaster who hired him, and under whose direction he was, tried to get him to receipt for a coupling stick. For the same reason as stated in (4), *supra*, and that the authority of such yardmaster had not been shown." These questions arose as follows, when the plaintiff was recalled, to wit: "Q. One engaged in the service you were as coupler, is it usual to furnish them with any implement, anything to work with, a car coupler or stick? A. Yes, sir; the Southern road requires you to use sticks." "Mr. Abney: We object. Has no bearing on this issue at all. The charge is, he went in there to couple. No charge of negligence that we did not furnish him with implements." "The Court: I think it competent." "Q. (By Mr. Nelson): Were you furnished with any coupling stick? A. No, sir. Q. After this accident happened and your arm crushed, were you asked about any coupling stick or to receipt for any one? A. Yes, sir." "Mr. Abney objected." "The Court: 'Coupling appliances' would embrace set of appliances. It is for the jury to say what a set of coupling appliances consist of, or embrace. If any part of a safe or complete set of coupling appliances was missing, it would be a defective set of coupling appliances. I will allow the question competent." "Q. (Br. Mr. Nelson): State what request was made of you in reference to coupler afterwards?" "Mr. Abney: I add the further objection. Counsel has not shown that any such effort was made by any authorized agent of the company in the scope of his authority." "Q. (Br. Mr. Nelson): Was any effort made to secure from you a receipt for a coupler by any authorized officer of the company, after the accident?" "Mr. Abney: We object. The authority must appear." "Q. (By Mr. Nelson): Did the yardmaster, who hired you and under whose direction you were, try to get you to receipt for one?

A. "Yes, sir." The questions raised by these exceptions are satisfactorily disposed of by the remarks of his Honor, the Circuit Judge, when he overruled the defendant's objection to the introduction of said testimony. The exceptions are overruled.

The eighth exception is as follows: "8. Excepts because the presiding Judge erred as a matter of law in overruling defendant's motion for nonsuit upon the ground that the only inference from the evidence for plaintiff was that plaintiff knew of the defect in the coupler, and after such knowledge assumed the risk of using the same. Whereas, plaintiff's evidence (capable of but one inference) having shown that the defect complained of was open and obvious, and not hidden, and that plaintiff knew of it, and after such knowledge undertook to use it, he should not recover for any injury resulting therefrom." The record contains the following relative to the motion for nonsuit: "Mr. Thomson: The defendant submits a motion for nonsuit upon the ground that the plaintiff voluntarily assumed the risk of going in between those cars, that the danger was obvious, that there was no latent defect whatsoever. The chain to the lever is the defect complained of. He testified that as he went down to the edge of this car, he saw this defect; he knew at that time that a coupling was to be made; that the engine was moving backwards from Gervais street with seven cars attached to the front of it; he saw this defect, and in the face of it went in to make this coupling. He is corroborated in that by his witness, Alex. Nelson, who says he saw this defect from the end of the car; he saw the chain was broken before he went between the cars, and there can be but one inference from the testimony adduced, that it was an obvious defect, and that he voluntarily assumed that risk, for he says positively himself that no one ordered him into that place of danger." (Argued). "The Court: It is true, a servant does assume the ordinary risks of his employment, and cannot hold his employer responsible for injuries arising from the ordinary risks, because he assumes

that; that is a principle of law.   Now, the question whether he assumed extraordinary risk or not is a question for the jury." (Motion overruled.)   In the case of *Bussey* v. *Ry. Co.,* 52 S. C., 438, the Court says: "It is the duty of the master to provide suitable machinery and appliances, and to keep them in proper repair.   The employee has the right to assume that the master has discharged his duty in this respect, and is not bound to exercise care in ascertaining whether the master has so acted.   When, however, the employee has knowledge, or receives warning, that the master has not furnished suitable machinery, or that it has not been kept in proper repair, so that it becomes dangerous, and he continues to use the same after such knowledge or warning, then it is a question to be determined by the jury whether, under the circumstances, the employee failed to exercise ordinary care and prudence, and was thereby guilty of negligence."   Mr. Justice Jones, in delivering the opinion of the Court in *Mew* v. *R. R. Co.,* 55 S. C., 90, uses this language: "Whether the matter of assumption of risk by an employee, is to be tested by the law of waiver—*Hooper* v. *R. R. Co.,* 21 S. C., 541, or the law of negligence, *Bussey* v. *R. R., supra*—in either case it is a question of fact for the jury."   We are satisfied that the testimony was susceptible of more than one inference and, therefore, the case was properly submitted to the jury.

But sec. 15, art. IX., of the Constitution sets at rest any doubts that might be entertained on this question.   It provides that "Knowledge by an employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby, except as to the conductors or engineers in charge of dangerous or unsafe cars or engines voluntarily operated by them."   In other words, where an employee is injured while voluntarily operating machinery after knowledge of its unsafe condition, his action for injury caused thereby shall not be defeated by reason of this fact.   The word "defense" is not used in its

technical sense. The words, "shall be no defense to an action," are to be understood as meaning "shall not defeat an action." The Constitution did not intend to deal with pleadings but with a principle of law. It did not intend that a defendant on a motion for nonsuit should get the benefit of a state of facts which the Constitution declared should be no defense to the action. The object of this provision was to take from a defendant *that failed to furnish suitable machinery,* the right to defeat an action by the employee, by showing that he did not act with due care in voluntarily operating the machinery after knowledge of its defective condition. The only ground of the motion for a nonsuit was the fact that the plaintiff operated voluntarily the defective appliances after knowledge of their unsafe character, which we have shown could not defeat the plaintiff's action. This exception is overruled.

The ninth exception is as follows: "9. Excepts because the presiding Judge erred in refusing to allow the witness, D. S. Gilliard, to answer the question propounded to him by defendant's attorney. 'Is that your notation?' Such question being competent and relevant to show the care used by defendant in the inspection of one of the cars between which (as defendant by its evidence undertook to prove) the plaintiff was injured, and bearing directly upon the question whether the coupler thereof was defective, the report to which the question referred being the original report of the conductor of the train which brought said car into Columbia, and whose duty it was to note all defects in said report." It is sufficient answer to this question to state that this testimony was afterwards admitted. This exception is overruled.

The tenth exception was abandoned.

The eleventh exception is as follows: "11. Excepts because the presiding Judge erred in refusing to charge the defendant's second request to charge, which was as follows: 'If the jury find from the evidence, if there be such evidence, that the cars between which plaintiff is alleged to

have been injured were foreign cars, *i. e.,* cars of another company than the defendant company, then it is only required of the defendant to make an ordinary and reasonable inspection of such cars for any defects which may be discernible by an ordinary examination.' It is submitted that said request should have been charged unqualifiedly, as it contained a correct statement of the law applicable to the case, and properly drew the distinction between the duty of the defendant with reference to foreign cars and cars of its own; showing that as to foreign cars the duty of the railroad company was not that of furnishing proper machinery for service and keeping the same in repair, but it is one of inspection only, and was performed when the defendant had made a reasonable inspection of such foreign cars for any defects which might be discernible by an ordinary examination. The charge of the presiding Judge with reference to said request was erroneous, in that it ignored the distinction sought to be made, and drew a comparison only as to the inspection of the respective cars, leaving the general propositions of law as to master and servant as stated in his charge to apply alike to foreign cars as well as cars of its own." In the first place, there was no testimony from which the jury had the right to infer that they were foreign cars; and in the second place, the proposition embodied in the request was not sound. The language of Mr. Chief Justice Simpson, who delivered the opinion of the Court in *Wallingford* v. *R. R. Co.,* 26 S. C., 258, is applicable to this case. He says: "The responsibility of a common carrier is to transport, safely and securely, which includes as to railroad common carriers, the necessity of having safe appliances, cars, machinery, &c., and we know of no principle of law which would allow them, when damage is done by a defective car, to shield themselves upon the ground that said car belonged to, and was used by, another company. When the car here was received by the defendant, it was adopted as a part of defendant's train, and defendant then became as fully responsible for its character, &c., as if it was their own car."

It is true, that was not a case involving the relation of master and servant. The law, however, requires a master to furnish suitable appliances for his employees, and we see no reason why he should shield himself behind the fact that they were the property of some one else. This exception is overruled.

The twelfth exceptions is as follows: "12. Excepts because the presiding Judge erred in refusing to charge the defendant's third request to charge, which was as follows: '3. It was the duty of the plaintiff, Youngblood, to know whether there was anything in the construction of the couplers in question requiring more care than was required in an ordinary case of coupling, if he had a reasonable opportunity to discover the fact, provided these things were ,open and obvious and not hidden. If he had such knowledge, or ought to have had it, as just stated, then you will consider the existence of such knowledge in ascertaining whether he exercised the care which an ordinarily prudent man would exercise under the circumstances. If he did not, he cannot recover.' It is submitted that said request contained a correct principle of law applicable to the case. It undertook to state the law, that it was proper for the jury to consider the fact (if it had been proven) that plaintiff was aware of the defect in the coupler, with a view to determining whether or not he exercised due care under the peculiar circumstances that surrounded him. Whereas, the presiding Judge refused the same because it did not go far enough in stating the doctrine of contributory negligence (as·to which he had already charged the jury), nor the consequences of contributory negligence." In refusing the request the presiding Judge said: "That proposition is also faulty, in that it does not go far enough in stating the doctrine of contributory negligence nor the consequences of contributory negligence. Contributory negligence in the plaintiff, Youngblood, could not be a defense to the action, unless it is the cause either entirely or as one of the proximate causes of the injury; and so, however negligent he

may have been either in failing to inform himself or in acting upon the knowledge which he had, or in failing to act upon it, unless such negligence did contribute to the injury, it is not a defense against the plaintiff's action; and so the Court is bound to refuse to charge you that proposition." Not only was this a good ground for refusing the request to charge, but it was in conflict with the doctrine announced in the case of *Bussey* v. *R. R. Co., supra.* Furthermore, the only fact upon which the defendant relied to show that the plaintiff did not act with due care, was that he voluntarily operated the appliances, after knowledge of their unsafe condition and, as we have stated, this could not defeat his action. This exception is overruled.

The thirteenth exception is as follows: "13. Excepts because the presiding Judge erred in charging from plaintiff's second request the following: 'A servant assumes all risks except those which flow from the master's negligence in his duty in furnishing safe machinery and in keeping the same in repair.' For it is submitted that such charge is erroneous in that it recognized no difference between latent and patent defects in the machinery; it was further erroneous in that it should have been modified by adding that if there was a defect in the machinery or appliance which was open and obvious, and of which the servant had knowledge, that the servant assumes the risk from such defective machinery or appliance; it was further erroneous in that it was not made applicable to 'foreign cars' and the duty of the master with reference thereto, such duty being only that the same shall receive a reasonable inspection." The charge stated correctly the general proposition of law. If the defendant desired a charge upon a specific proposition, he should have presented requests to that effect. The other grounds of alleged error are disposed of by what was said in considering the other exceptions. This exception is overruled.

The fourteenth exception is as follows: "14. Excepts because the presiding Judge erred in charging plaintiff's fifth

request to charge, which was as follows : 'Knowledge by any employee injured of the defective or unsafe character or condition of any machinery, ways or appliances, shall be no defense to an action for injury caused thereby; such as injury resulting from a defective switch, coupler or other appliance in use by railroad companies.' It is submitted that such charge was erroneous, in that it excluded the defenses under such constitutional provision : (1) that the servant might assume the risk by remaining in the service of the master after knowledge (if proven) of defective machinery or appliances within the obligation of the master to provide against, and thus waive the obligation of the master; (2) that if the employee has knowledge that the machinery is defective, so that it becomes dangerous, and he continues to use the same after such knowledge, the jury may say whether such employee failed to exercise ordinary care and prudence, and was thereby guilty of negligence precluding a recovery." The charge is in the language of the Constitution, which has already been construed, except the last sentence, which was merely illustrative and applicable to the case. This exception is overruled.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.