### WILLIS v. CHEROKEE FALLS MFG. CO.

1. MASTER AND SERVANT.—Charge that the master is responsible for the sufficiency and safety of the surroundings and place where he sends his employee to work, considered in connection with those portions of the charge to which it was referred, did not place on defendant the liability of an insurer of the safety of the surroundings and place, but fully explained the law applicable in such cases.

2. IBID.—NEGLIGENCE.—Evidence that a servant was of tender years; that the usual place for a waste-basket was on spare floor, while here it was near a revolving pulley, uncovered and containing spokes, which in other mills was usually solid; that master had been notified of dangerous position of waste-box; is *prima facie* proof of negligence in master.

Before F. B. GARY, special Judge, Cherokee, November, 1904. Affirmed.

Action by Otis Fletcher Willis against Cherokee Falls Mfg. Co. From judgment for plaintiff, defendant appeals.

*Messrs. Butler & Osborne* and *H. J. Haynsworth,* for appellant, cite: *Master is not insurer of safety of place:* 41 S. C., 391. *As to instructions to jury:* 11 Ency. P. & P., 145-9. *Plaintiff must show that injury was caused by negligence of defendant:* 69 S. C., 530; 39 S. C., 44; 179 U. S., 663. *Negligence cannot be inferred from dangerous machinery:* 113 N. Y., 540; 66 Ia., 346; 51 Tex., 270; 39 S. C., 44; 45 S. C., 278; 44 S. C., 443; 57 S. C., 435.

*Messrs. Stanyarne Wilson* and *V. E. DePass,* contra, cite: *Duty of master to furnish safe and suitable appliances:* 34 S. C., 214. *Contributory negligence of children:* 25 S. C., 633; 70 S. C., 242. *As to care for the protection of children:* 46 Ohio St., 283; 131 Pa., 509.

## STATEMENT OF FACTS.

This is an appeal upon two exceptions; the first assigns error in the charge to the jury; and the second, in refusing a motion for a new trial. The complaint (omitting the formal portion thereof) alleges: "That on December 23d, 1902, the plaintiff, Otis Fletcher Willis, eleven years of age and of small stature for his years, was in the employment of the defendant as a sweeper. That as such, it was his duty to sweep up waste and place it in a waste box furnished by the defendant. That on said day, while in the performance of his duty as such laborer, he was attempting to put some of the swept-up waste into the waste box, and in so doing had to raise the lid of said box, and while so engaged his feet slipped from under him, his left foot was caught in the gearing or spokes of the pulley on the drawing frame of the defendant company, which was only a few inches distant from said box; his body was by it beaten several times against the floor, his left leg was torn off, his right arm and hand rendered permanently useless, his face and body badly

beaten and bruised, to his damage $10,000. That said injuries and damage were directly due to and caused by negligence and carelessness of the defendant in the following respects:

"1. In having the lid of said box too high for one of his size, in consequence of which it was necessary for him to tiptoe, and in consequence of which his foot slipped, with the result stated.

"2. In having said box unnecessarily in a dangerous place, to wit: within a few inches of said running pulley, in consequence of which, and on acount of which, his foot was caught, with the result aforesaid.

"3. In having said pulley in such close proximity to said box where said child, the plaintiff, had to perform his work, without having the same in any way covered or protected, so as to prevent its catching said plaintiff.

"4. In not providing plaintiff with a safe place in which to work, but in having him to work in such unsafe place, as above stated, to wit: The said box with such high lid, so unnecessarily closely placed by said machinery, which was uncovered and unprotected; notwithstanding the fact that the defendant knew that the floor upon which said box stood and upon which plaintiff would have to stand in raising said lid, was very greasy and slippery; the whole making a combination which rendered the place unsafe for said plaintiff, and by which the injuries were inflicted as aforesaid."

The defendant denied the allegations of the complaint and set up as a defense that the negligence of the plaintiff proximately caused and contributed to his injury. The jury rendered a verdict in favor of the plaintiff for $1,750, and the defendant appealed.

OPINION.

July 11, 1905. The opinion of the Court was delivered by

MR. JUSTICE GARY (after stating the foregoing facts):

The first exception assigns error as follows: "1. In charging the jury that 'The master is responsible for the sufficiency and safety of the surroundings and place where the employee is by him put to work.' It being submitted that by said instruction his Honor placed upon the defendant the liability of an insurer of the safety of the surroundings and place of work, whereas the master is liable for the want of safety in such place only in case this condition is by reason of his negligence."

The charge set out in the exception was presented in the form of a request, and his Honor, the presiding Judge, said: "In connection with what I have charged you, I charge you that." It is, therefore, necessary to see what he had charged relative to this question. He charged that "when the relation of master and servant exists, the master on his part engages, and it is his duty to furnish the servant with a reasonably safe place to work, and with safe and suitable appliances for such work, and it is his duty to keep those appliances in repair. Now that does not mean, necessarily, that he is an insurer of the safety of the party, but it means that he has such appliances and such place to work, as a man of ordinary prudence would have furnished under like circumstances. * * * The test being at last, what would an ordinarily prudent man have done under the circumstances; what kind of place would a prudent man have furnished; what kind of appliances would a prudent man have furnished? As I say, in ascertaining whether or not the master has carried out his part of the implied agreement, you have a right to consider all these questions; that is, the surrounding circumstances, the character of the work, and the youth and intelligence of the servant."

The only error assigned by the exception is that the charge therein mentioned, placed upon the defendant the liability of an insurer of the safety of the surroundings and place of work. This charge must be construed in connection with the other portions thereof, which fully explained the law in such cases; after which it cannot reasonably be supposed

9—72

that the jury was misled; especially when they were told to consider the charge embodied in the request, in connection with the other parts of the charge.

The second exception is as follows: "2. In refusing to grant a new trial on the ground that there was no evidence to sustain the verdict. It being submitted that there was no evidence of negligence on the part of the defendant company; and no evidence that plaintiff was injured by the negligence of the defendant."

It is unquestionably the duty of the master to provide a reasonably safe place for the servant to work; and, when there is testimony tending to show that there was a failure of duty in this respect, in consequence of which the servant sustained injury, it makes out a *prima facie* case of negligence on the part of the master. *Richey* v. *Ry.,* 69 S. C., 387; *Branch* v. *Ry.,* 35 S. C., 405, 14 S. E., 808.

In considering whether the place where the plaintiff was employed to work was safe, it must be remembered that he was of very tender years for such work. There was testimony tending to show that the usual and proper place for a waste box was on the spare floor, and out of the way of the machinery, while in this case the waste box was only a few inches away from the revolving pulley in which the plaintiff's foot was caught; that the machinery was not covered or protected; that the pulley was not solid but had spokes (thereby permitting the plaintiff's foot to be caught in it), while the pulleys of other mills were solid; that the defendant had been notified of the danger to children employed to put waste in the box, but disregarded the admonition. These facts afforded at least some evidence that the surroundings where the plaintiff was required to discharge his duties was not a safe place for a person of his tender years to work. This constituted *prima facie* evidence of negligence, and when it appeared that the plaintiff was injured by the machinery while discharging his duties relative to the waste box, the presiding Judge properly submitted the case to the jury.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.