## 9724

### PRINCE v. MASSASOIT MFG. CO.

#### (93 S. E. 2.)

1. MASTER AND SERVANT—INJURY TO SERVANT—PLEADING—VARIANCE—AMENDMENT—STATUTE.—Under Code Civ. Proc. 1912, sec. 224, providing that the Court may allow an amendment when it does not change substantially the claim or defense, by conforming the pleading or proceeding to the facts proved, in a servant's action for injuries the Court properly admitted evidence that the plaintiff contracted the disease of pleurisy on account of the injury complained of in complaint, where the appellant's attorneys do not contend that they were taken by surprise.

2. WITNESSES — CROSS-EXAMINATION — STATEMENT OF COUNSEL — TESTIMONY OF OTHER WITNESS.—Counsel has no right, even to detect or catch a witness in an untruth, falsely to assume or pretend that another witness has previously sworn or stated differently to a fact, or that a matter has previously been proved when it has not.

3. WITNESSES — CROSS-EXAMINATION — STATEMENT OF COUNSEL — TESTIMONY OF OTHER WITNESS.—On cross-examination of a witness, it was not error for counsel unintentionally to give a witness an incorrect statement of what another witness on the same side had sworn to with a view to test the correctness of the memory or honesty of the witness testifying.

4. MASTER AND SERVANT—INJURY TO SERVANT—SAFE PLACE TO WORK—DUTY OF EMPLOYER.—An employer is bound to provide a reasonably safe place for his employee to work in, and is not bound only to exercise reasonable care to provide such place.

Before SHIPP, J., Columbia, October, 1916.    Affirmed.

Action by T. L. Prince against the Massasoit Manufacturing Company. Judgment for plaintiff, and defendant appeals.

The material portions of the complaint were as follows:

"3. That at the times hereinafter mentioned the plaintiff was employed by the defendant as night watchman and it was his duty to go about defendant's factory and premises at regular intervals and to turn a key in the registers placed about the factory to indicate the presence of the plaintiff

at such places and that he was attending to the proper discharge of his duties.

4. That on or about October 26th, Monday, 1914, in the nighttime, and while the plaintiff was engaged in his duties as night watchman as above set forth, plaintiff was descending a stairway to register as required by the defendant when he suddenly stumbled over and upon obstructions negligently, wilfully and wantonly placed there by the defendant, and was thrown down with great violence, breaking four ribs on his left side and causing hernia on the left side.

5. That plaintiff's said injuries were caused by and were the direct result of defendant's negligence, wilfulness and wantonness in the following particulars, to wit:

(a) In failing to provide plaintiff with a safe and suitable place in which to perform the duties required of him and in failing to keep the same in a safe condition.

(b) In carelessly, negligently, wilfully and wantonly placing obstructions on the stairway where plaintiff was required to go in the performance of his duties and where defendant well knew that plaintiff would be injured thereby.

6. That by reason and as a direct result of each and all of the aforesaid acts of negligence, wilfulness and wantonness on the part of said defendant plaintiff suffered great pain and mental anguish, was confined to his bed for a long time, was put to expense for medical attention, lost much time from his employment and is permanently injured, to his damage in the sum of five thousand dollars."

*Messrs. Melton & Belser,* for appellant, cite: *As to testimony as to consequences of injury:* 16 Enc. Pl. & Pr. 380; 13 Standard Enc. Proc. 358; 197 N. Y. 68; 27 L. R. A. (N. S.) 837; 110 Mo. App. 254; 66 App. Div. 409; 72 N. Y. Suppl. 881; 92 App. Div. 112; 87 N. Y. Supp. 311; 98 Tex. 322; 8 Tex. Civ. App. 376; 98 S. W. 909. *Conduct of cross-examination:* 56 S. C. 360, 372; Wigmore Ev., sec. 780, p. 870. *Fellow servant:* 15 S. C. 443; 75

S. C. 487; 71 S. C. 53; 51 S. C. 79; 87 S. C. 449. *Duty as to safe place:* Cooley Torts, pp. 524-526; 101 S. C. 73; Labatt M. & S., secs. 24 and 25; 107 Mich. 591; 58 Neb. 1; 90 Tex. 264; 69 Ill. App. 189; 72 Ill. App. 32; 48 Ill. App. 562; 36 Ill. App. 135; 96 S. C. 425; 89 S. C. 378; 81 Fed. 679.

*Messrs. W. W. Hawes* and *A. F. Spigner,* for respondent, cite: *As to evidence of consequences of injury:* 60 S. C. 9; 5 Enc. Pl. & Pr. 746, 747; 44 L. R. A. 28; 61 S. C. 468. *Cross-examination:* 16 S. C. 556; 12 Rich. 654; 88 S. C. 105; 56 S. C. 360. *Failure to object:* 86 S. E. 492; 89 S. E. 657. *Charge as to safe place:* 69 S. C. 387; 81 S. C. 203; 35 S. C. 405; 68 S. C. 62, 70. *Requests to charge:* 60 S. C. 153; 59 S. C. 162; 54 S. C. 192 and 438; 49 S. C. 438; 46 S. C. 43. *Harmless error:* 105 S. C. 509.

July 3, 1917.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the wrongful acts of the defendant.

This statement appears in the record:

"The issues made by the pleadings were whether the plaintiff's injuries were due to the defendant's negligence in failing to provide and maintain a safe place for the plaintiff to work in, or whether the plaintiff's injuries were due to his own contributory negligence in failing to observe the rules which had been made for his safety, or whether the plaintiff's injuries were due to his contributory negligence in failing to guard against the danger alleged in the complaint (which will be reported), and whether the danger to which the injuries of the plaintiff were due was one of the dangers which the plaintiff had voluntarily assumed."

The jury rendered a verdict in favor of the plaintiff for $2,500, and the defendant appealed.

The first exception is as follows:

"In that his Honor held and ruled that evidence relative to the plaintiff's having contracted the disease of pleurisy on account of the injury complained of in the complaint herein was competent and admissible, and admitted such evidence over the objection of the defendant; whereas, his Honor should have held and ruled that, under the pleadings herein, the plaintiff should have been confined to the disease and injuries specified in the complaint, and evidence relative to pleurisy should have been excluded."

The appellant's attorneys do not contend that they were taken by surprise.

Section 224 of the Code provides that the Court may allow an amendment when it does not change substantially the claim or defense by conforming the pleading or proceeding to the facts proved.

The ruling of his Honor, the Circuit Judge, was intended to give the plaintiff the benefit of this section; and the appellant had failed to show wherein there was error prejudicial to its rights.

The second and third exceptions are as follows:

"In that his Honor held and ruled, over the objection of the defendant, that one of the attorneys for the plaintiff had the right to state to a witness that another witness had testified to certain matters and permitted the attorney so to do, when, in fact, the other witness had not so testified, whereas his Honor should have held that such a form of examination was inadmissible.

"In that his Honor permitted one of the attorneys for the plaintiff to put to a witness questions which assumed that certain matters had been testified to by another witness, when in fact such matters had not been so testified to,

whereas his Honor should have held that such a form of examination was inadmissible."

The record contains the following statement showing the manner in which these questions arose:

"John Love, being duly sworn, says: (Direct examination irrelevant.)

"Mr. Spigner cross-examining, the relevant portions of the testimony being as follows:    .

"Q. Mr. Boyd testified when anything went wrong Mr. Prince would report it to you, and your business was to look after the rooms and keep them in shape, and keep things out of his way; is that true? A. Yes, sir. Mr. Belser: I don't know counsel has any right to tell the witness in this case what Mr. Boyd testified. The Court: He has a right to call his attention to what the witness said. Mr. Belser: The witness does not know. The Court: I don't know either. Mr. Belser: He has got no right to state what Mr. Boyd said. The Court: I think he has the right to tell him what a witness said. Go ahead, Mr. Spigner. Mr. Spigner: That being the fact, your business was to keep things in shape and make the place reasonably safe for him? A. Yes, sir."

The syllabus in the case of *State* v. *Taylor,* 56 S. C. 360, is as follows:

"On cross-examination of a witness, where all have been excluded, it is not error for counsel to give the witness an incorrect statement of what another witness on same side has sworn to, with a view to test the correctness of the memory or honesty of the witness."

2, 3

In the case just mentioned, however, the facts did not render it necessary for the Court to decide whether the same rule was applicable, when it was the intention of the attorney to state the facts incorrectly.

In a note to section 780 of 1 Wigmore on Evidence we find the following quotation from Mr. Joseph Chitty, Prac-

tice of the Law (2d ed.), 111, 901, which states the rule correctly:

"It is an established rule as regards cross-examination that a counsel has no right, even in order to detect or catch a witness in a falsity, falsely to assume or pretend that the witness had previously sworn or stated differently to the fact, or that a matter had previously been proved when it had not. Indeed, if such attempts were tolerated, the English bar would soon be debased below the most inferior of society."

It is shown, however, by the following statement in the argument of the appellant's attorneys that there was no intention to misquote Boyd's testimony:

"While, of course, there is no attempt or purpose to charge ·Mr. Spigner with having intentionally misquoted the testimony, still it must be noted from the standpoint of the defendant the effect was equally disastrous, even though the misquotation was purely unintentional."

It thus clearly appears that there was not an intentional misquotation on the part of the plaintiff's attorney. Furthermore, the statement of Boyd's testmony by Mr. Spigner, was substantially correct.

The next exception is as follows:

"In that his Honor held and charged the jury that the defendant, as employer, was bound to provide a reasonably safe place for the plaintiff, as employee, to work in."

4        whereas, his Honor should have held and charged the jury that the defendant, as employer, was bound only to exercise reasonable care to provide a reasonably safe place for the plaintiff, as employee,  towork in." ·

It is only necessary to cite the following cases to show that this exception cannot be sustained: *Branch* v. *Railway,* 35 S. C. 405, 14 S. E. 808; *Hicks* v. *Railway,* 63 S. C. 359, 41 S. C. 753; *Richey* v. *Railway,* 69 S. C. 387, 48 S. E.

285; *Willis* v. *Manufacturing Co.*, 72 S. C. 126, 51 S. E. 538; *Grainger* v. *Railway*, 101 S. C. 73, 85 S. E. 231.

Judgment affirmed.

Messrs. Justices Watts, Fraser and Gage concur in the opinion of the Court.

Mr. Justice Hydrick, *concurring in result*. I concur in the disposition of all the exceptions, except the first, and concur in overruling that on the ground that the testimony objected to was admissible under the allegation of injury in the fourth paragraph and of its consequences in the sixth paragraph of the complaint. *Youngblood* v. *Railroad Co.*, 60 S. C. 9, 38 S. E. 232, 85 Am. St. Rep. 824.