## 10074

### WASHINGTON v. ATLANTIC COAST LINE R. CO.

(96 S. E. 553.)

1. MASTER AND SERVANT—INJURY TO SERVANT—SAFE APPLIANCE—NEGLI-GENCE—BURDEN OF PROOF.—Evidence that a door of a box car was so constructed as to be liable to slide off the overhead rail when its latch was unfastened, tended to show a failure on the part of the master to provide safe appliances and. a reasonably safe place for the servant to work, and where the evidence showed that a brake-man, required in the performance of his duty, to ride on the outside of a flat car, in close proximity to the car having such door, was injured by the fall of the door, the burden was on the master to rebut the presumption of negligence.

2. MASTER AND SERVANT — INJURY TO SERVANT — CONTRIBUTORY NEGLI-GENCE—EVIDENCE.—In a brakeman's action for personal injury due to having his leg broken by the fall of a car door, evidence *held* not to admit only of the inference that plaintiff's negligence contributed to the injury

3. APPEAL AND ERROR — RECORD ON APPEAL — CONTENTS. — Where the charge is in no respect involved by the appeal, it is error for the trial Court in settling "case" to require defendant to print it as part of the record.

. Before GARY, J., Sumter, Fall term, 1917.   Order settling "case" for appeal overruled, with leave to appellant to enter judgment against respondent for the amount expended in printing the case, and that the judgment on the merits be affirmed.

Action by Shadrach Washington against the Atlantic Coast Line Railroad Company. From a judgment for plaintiff and the order settling the case, defendant appeals.

*Messrs. Lucian W. McLemore, Mark Reynolds* and *P. A. Willcox,* for appellants. *Mr. McLemore* submits: *That defendant's motion for a nonsuit should have been granted because:* (*1*) *There was no evidence justifying the submission of the issue of negligence to the jury;* (*2*) *the evidence admitted only of the inference that plaintiff's negligence contributed to the injury:* 87 S. C. 190; 105 S. C. 509; 67 S. C. 290; 75 S. C. 102; 86 S. C. 352; 60 S. C. 529; 39 S. C. 39; 66 S. C. 256; 72 S. C. 398; 102 S. C. 488; 21 S. C. 93; 93 S. E. 51; 97 S. C. 465; 90 S. C. 42; 72 S. C. 336.

*Messrs. L. D. Jennings* and *A. D. Harby,* for respondent, submit: *That it was only necessary for respondent to show in this case that the particular appliance in question, to wit, the box car and its door, were not in proper, or were defective, or did not work properly:* 93 S. C. 395; 81 S. C. 203; 98 S. C. 348.

August 22, 1918.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

This is an action for damages alleged to have been sustained by the plaintiff through the negligence of the defendant. The complaint alleges that on or about the 31st day of January, 1916, the plaintiff left Columbia, S. C., for Bennettsville, S. C., on one of defendant's trains of cars as a brakeman; and while riding on one of the flat cars in the discharge of his duties, a door from a box car in front of the plaintiff came off and broke his leg. The specifications of negligence are that the defendant failed to provide safe

and suitable appliances and to see that they were kept in proper repair, and a safe place for the plaintiff to work. The defendant denied the material allegations of the complaint and interposed the defense of contributory negligence. The only testimony introduced was in behalf of the plaintiff. At the close of the plaintiff's testimony, the defendant made a motion for a nonsuit, which was refused.

The jury rendered the following verdict: "We find for the plaintiff a verdict of twelve hundred dollars.    We find the plaintiff was not guilty of contributory negligence."

The defendant appealed upon a single exception, assigning error as follows:

"(1) There was no evidence justifying the submission of the issue of negligence to the jury.    (2) The evidence admitted only of the inference that plaintiff's negligence contributed to the injury."

We will consider, first, whether there was error in the refusal to grant the nonsuit, on the ground that there was no evidence justifying the submission of the issue of negligence to the jury.

There was testimony to the effect that the doors of the box cars work on overhead hinges or rails; that the door is provided with a latch, and, unless it is fastened, there is nothing to prevent the door from coming off and falling, but that, if the door is shut and the latch fastened, it cannot fall; that the latch is a kind of hasp and staple arrangement, secured by an iron pin, which is slipped through the staple, and, when the latch is in place and the pin through the staple, the door cannot come off, but when, however, the latch is not fastened, there is nothing to prevent the door from sliding off the overhead rail.    This testimony tends to show a failure, on the part of the defendant, to provide safe appliances and a safe place to do the work assigned to the plaintiff.

"It is unquestionably the duty of the master to provide a reasonably safe place for the servant to work; and when there is testimony tending to show that there was a failure of duty in this respect, in consequence of which the servant sustained injury, it makes out a *prima facie* case of negligence on the part of the master." *Willis v. Mfg. Co.,* 72 S. C. 126, 51 S. E. 538; *Branch v. Railway,* 35 S. C. 405, 14 S. E. 808; *Hicks* v. *Railway,* 63 S. C. 559, 41 S. E. 753; *Richey v. Railway,* 69 S. C. 387; 48 S. E. 285; *Trimmier v. Railway,* 81 S. C. 203, 62 S. E. 209; *Lester v. Railway,* 93 S. C. 395, 76 S. E. 976; *Grainger v. Railway,* 101 S. C. 73, 85 S. E. 231; *Prince v. Mfg. Co.,* 107 S. C. 387, 93 S. E. 2.

These authorities show that, after the plaintiff's testimony, the burden of proof was on the defendant to prove that it was not guilty of negligence.

We proceed, next, to consider whether the evidence admitted only of the inference that plaintiff's negligence contributed to the injury.

The plaintiff testified that, as a rule, brakemen were required to ride on the outside of the flat cars, or somewhere along there, where they could see to work; and there is no testimony tending to show that the plaintiff was engaged in doing any act, at the time of the injury, that was not in the line of his duty.

The defendant has also appealed from the order of his Honor settling the case on the following grounds: "His Honor erred in allowing the fourth amendment to the 'case' proposed by plaintiff-respondent, requiring the defendant-appellant to print as a part of the record the entire charge to the jury; whereas, the charge was irrelevant to the issues raised by the exception, and his Honor erroneously imposed an unnecessary expense and needlessly enlarged the record."

As the charge was in no respect involved by the appeal, it was error to require the defendant to print it as a part of the record.

It is, therefore, ordered that the order settling the case be overruled, and that the defendant have leave to enter judgment against the plaintiff for the amount expended in printing the "case," and that the judgment on the merits be affirmed.

MESSRS. JUSTICES HYDRICK, WATTS, FRASER and GAGE concur.